**NEW-YORK,**
**May. 1817.**

**SHIPPEY**
**v**
**HENDERSON.**

———◦❊◦———

**SHIPPEY** *against* **HENDERSON.**

Where a debt having been barred by the defendant's discharge under an insolvent act, he afterwards promises to pay it, it is proper for the plaintiff to declare upon the original cause of action, without noticing the subsequent promise.

To a declaration in assumpsit, the defendant pleaded his discharge under an insolvent act; the plaintiff replied, that subsequently to the plaintiff's discharge, and before the commencement of this suit, the defendant assented to, ratified, re

THIS was an action of *assumpsit.* The declaration contained counts for goods sold and delivered, and for money had and received, in which the promises were laid on the 1st of *May,* 1815. The defendant pleaded, 1. *Non assumpsit.* 2. That, after making the supposed promises mentioned in the declaration, and before the exhibiting the plaintiff's bill, on the 15th of *February,* 1812, the defendant was an insolvent debtor, within the meaning of the insolvent act of *April* 3d, 1811, and had been prosecuted, &c., tha the presented a petition, &c. and that, on the 16th *May,* 1812, his discharge was granted. To the second plea the plaintiff replied. that the defendant, after obtaining his discharge, and before the commencement of this suit, to wit, on the 1st of *May,* 1815, at &c. assented to, and then and there rectified, renewed, and confirmed, the several promises and un-

newed, and confirmed, the promises mentioned in the declaration: *Held* that the new promise was sufficiently laid, and the replication was not a departure from the declaration.

dertakings in the plaintiff's declaration mentioned. To this
replication there was a general demurrer, and joinder in de-
murrer.

*Skinner*, in support of the demurrer, contended, that the plain-
tiff ought to have declared specifically on the new promise, not
on the original undertaking. It is a general rule in pleading, to
set forth the promise, as well as the liability of the defendant,
and in this respect there is no distinction between an implied
and an express promise ; for the law does not create the promise
in any case, though it may afford evidence sufficient for a jury
to find a promise.* The prior debt, or moral obligation, is the
consideration for the new promise. The debt of a bankrupt, or
insolvent, who has obtained his certificate, remains due in con-
science, and that is sufficient to support a new promise, by
which the old debt is revived.† In all such cases, the declara-
tion must state the new *assumpsit.* There is no cause of action
until the new promise is made. The discharge puts an end to
all legal and equitable obligation, and there is no existing pro-
mise or undertaking which a court of law will enforce, until it
is renewed by a new promise. The obligation in conscience
merely affords the consideration of the subsequent promise.

The only exception to the rule of pleading for which we con-
tend, is that of *infancy*, and the only authority for that is *Chit-
ty.* But the contract of an *infant* is not void, but voidable only.‡
As to the statute of limitations, it does not destroy the right of
action, but merely suspends it. The *debt* remains, but the *remedy*
is gone.§ But in that case the new promise must be stated
technically, and the bare acknowledgment of the defendant
within the six years, which is tantamount to a new promise, sup-
ports the issue.||

Admitting, however, that the plaintiff might declare on the
original undertaking, yet, the replication which gives the cause
of action ought to state the new promise. The plaintiff says
merely, that the defendant, afterwards, to wit, on the 1st of
*May*, 1815, assented to, and renewed and confirmed the pro-
mises laid in the declaration.

*Talcot*, contra. The case of *infancy* is stronger than the
present, as to the necessity of stating technically a new pro-
mise ; for, in that case there never was any promise binding in

* *Bac. Abr. As-
sumpsit* (F.) 6
*Mod* 131. 1 *Ld.
Raym* 538. 2
*Hen Bl* 563 n.
a 7 *Chitty Pl.*
289.

† *Cowper*, 290.
514 2 *Term
Rep* 765, 766.
*Scouton v. Eis-
lord*, 7 *Johns.
Rep* 36 2 *Johns.
Rep.* 279.

‡ 3 *Burr*, 1794.

§ 5 *Burr*, 2628.

|| *Bryan v. Ho-
wman.* 4 *East*
*Rep.* 539.

NEW-YORK, law.   Here was a previous promise valid in law; an existing
May. 1817.  cause of action.   There is no *departure* in this case.   The re-
SHIPPEY   plication supports the declaration.   The word " renewed," is
v.   sufficiently expressive.   To renew a promise, is to promise over
HENDERSON.  again.

\* *Peake's N. P.*   In *Williams* v. *Dyde*,\* where a bankrupt had been discharged,
*Cases,* 68.   and the plaintiff declared generally on the original undertaking,
and the defendant pleaded his discharge, Lord *Kenyon* held the
declaration to be good, and that a subsequent promise to pay
might be given in evidence to support it.   This case was recog-
† 16 *East,* 420.   nised in *Leaper* v. *Tatton*,† and the principle is adopted and laid
‡ *Chitty's Pl.* 40.   down by *Chitty* ‡ and other writers.§   In *Maxim* v. *Morse*,‖
§ 1 *Selwyn's N.*
*P* 219  1 *Cook's*   decided in the supreme court of Massachusetts, the plaintiff
*B L.* 256 *Laws*
*on*  *A umpsit,*  brought an action of debt on a judgment, and the defendant
241
‖ 8 *Mass. Rep.*  pleaded his discharge under a commission of bankruptcy, and
127.
the plaintiff replied, that the defendant afterwards waived the
benefit of his certificate, and promised to pay the amount of
the judgment, and the defendant rejoined, denying such promise,
on which issue was taken; and on motion in arrest, after verdict
for the plaintiff, the court gave judgment for him, considering
the declaration as good, and well supported by the replication.

THOMPSON, Ch. J., delivered the opinion of the court.   The
question that arises in this case is, whether the plaintiff may
declare upon the original cause of action, or whether he is
bound to declare specially upon the new promise.   I think the
proper way is to declare on the original cause of action.   I see
no reason why this case should differ from that of *infancy*, or
that where the action is barred by the statute of limitation.

The discharge under the insolvent act does not make the ori-
ginal contract void; it is expressly laid down by *Chitty* (*Pl.* 40.)
that where a debt is barred by a certificate of bankrupt, a pro-
mise made afterwards by the bankrupt will support an action,
and that it is sufficient in such case to declare upon the original
consideration.   Such promise can only revive a precedent good
consideration, the remedy having been suspended by the dis-
charge.   (3 *Bos. and Pull.* 250. *n.* 7.)

The new promise is sufficiently laid by the words ratified,
*renewed,* and confirmed.   The words " *renewed,* the said several
promises," are peculiarly appropriate, and amply sufficient.

The replication is no departure from the declaration, but fortifies and supports it, by answering and removing the bar interposed by the plea. We are, accordingly, of opinion that the plaintiff is entitled to judgment.

Judgment for the plaintiff.