The opinion of the court was delivered by
Tilghman, C. J.
This action was commenced by Richard Peters, jr., against Thomas Willing, in the District Court for the city and county of Philadelphia. Pending the action, Richard Peters assigned all his interest in the claim which he was prosecuting against the defendant, to Joseph Curwen, upon which the action was marked on the docket, for the use of the said Curwen. The amount of Peters’ claim, assigned to Curwen, was eleven hundred and fifty dollars. Peters owed that sum to Curwen, and Curwen acknowledged himself, under hand and seal, to be satisfied to the amount of eleven hundred and fifty dollars, and released Peters from the same. These facts being proved at the trial of the cause, Peters was offered as a witness for the plaintiff, and although objected to by the defendant, he was admitted. This is the first error assigned. I do not see how the witness could have been rejected, without overruling the ease of Steele v. The Phœnix Insurance Company, 3 Binn. 306, and many others which have been decided on the authority of that case. A distinction indeed, has been taken, which shall be considered. It is said, that Peters was interested, notwithstanding Curwen’s release, because the assignment necessarily implied a warranty, that the claim was good. It is true, that on the sale of personal property, there is an implied warranty of the property by the vendor, unless the agreement be to the contrary. But this rule is generally applicable to personal property, which is tangible, and capable of delivery. I do not know, that it extends to the assignment of a chose in action, which indeed is only assignable in equity. But certainly there can be no warranty, where it appears that the parties did not intend there should be any. Now, Peters in his assignment calls it his claim against the defendant, for which an action was then depending, and Curwen re *182 ceives it as such, for good or for bad, and gives a release to Peters for so much money received of him. The case of Ritchie v. Summers, 3 Yeates, 531, was relied on by the counsel for the defendant; but that was a very different case. There, Ritchie had purchased of Summers, a note for three thousand dollars, drawn by Joseph Thomas, payable to, and endorsed with the name of John Morton, which was forged. The jury found, in their special verdict, that- the note was not what it was sold for by the defendant, and upon that misrepresentation the cause turned, and the plaintiff récovered. But, in the present case, there was no proof or suggestion of any kind of misrepresentation or fraud in Peters. If there had been, the case of Ritchie v. Summers would be to the point. It appears to me therefore, that whether Curtain succeeds, or fails in this suit, he can have no reeouise to Peters. Consequently, Peters stood disinterested, and was a good witness.
The second error assigned is, that there was no consideration for the defendant’s promise to Peters, which was therefore nudum pactum and void. The fact was, that the defendant being indebted to Peters, and others, in considerable sums, paid them about sixty per cent, on their debts, whereupon at his request they released him. Afterwards, the defendant acknowledged to Peters, that he was still indebted to him, in the balance beyond the part paid, and promised to pay it when he should be able. It was submitted to the jury, whether he was able or not, so that the only question is, whether there was a sufficient consideration for this conditional promise? It is very certain, that there are instances, where a debt is so far extinguished, as not to be recoverable at law or in equity, and yet exists in morality and good conscience, so as to afford sufficient consideration for an assumption. This is exemplified in the common ease of a discharge under a bankrupt law. No recovery can be had against the bankrupt, yet by the common tsense and feeling of mankind, the debt exists until it be actually [paid. The mind of the defendant assented to this principle — he felt the obligation of the unsatisfied debt — he declared that he considered it as uncancelled, and promised to pay it, when he should be able. This was all that an honourable man was bound to do; and the jury ought to have had very convincing evidence before they found that he was able But, a distinction has been made, between a discharge by law, as m a case of bankruptcy, and a discharge, as in the present instance, by the voluntary act of the creditor. I cannot say, that I think this distinction well founded; especially when it is considered, that a bankrupt is not entitled to a discharge without the assent of two-thirds of his creditors in number and value, which assent is the voluntary act of the credit- or. A case was cited by the counsel for the plaintiff, Townsend v. Hunt, Cro. Car. 408, which is very much in point. There, the plaintiff, at the request of the defendant, gave a full'release of a legacy of sixty pounds, due from the wife of the defendant, as *183 executrix of a third person, although but part of the legacy was paid. The defendant afterwards promised, that if his wife did not .pay the balance, during her life, he would. The wife died, without paying the balance, and an action being brought against the defendant, it was held that the release being made at his rt quest, his promise was binding. Tisis case is cited and taken for law, by Comyn, in his treatise on contracts, page 22. Mr. Peters’ release to the defendant was a benefit conferred on him, at his own request, which he was enjoying when he made the conditional promise of payment. It is a stronger case than Townsend v. Hunt, because there, the debt was not due from Townsend, but from his wife, as executrix. It appears to me, that the defendant, though released, was under a moral obligation to pay the debt, as soon as his circumstances should render it convenient. There was therefore a good consideration for his assumption. I am of opinion, that the judgment should be affirmed.
Judgment affirmed.