[PHILADELPHIA, FEBRUARY 21, 1834.]

EARNEST *against* PARKE.

IN ERROR.

An absolute and unconditional promise by one who has been discharged by the insolvent laws of this commonwealth, to pay a debt which existed before his discharge, creates a new contract upon which suit may be brought.

On a writ of error to the Court of Common Pleas of *Philadelphia* County, the case was thus:

*Parke,* the defendant in error and defendant below, was indebted to the plaintiff, *Earnest,* in the sum of forty-nine dollars seven cents, for goods sold and delivered. He afterwards took the benefit of the insolvent law of this commonwealth, and subsequently to his discharge, he made an absolute and unconditional promise to pay the debt. The plaintiff having brought suit against him, and proved the debt on the trial in the court below, that court was of opinion that the promise was without consideration and void, and entered judgment for the defendant.

In this opinion error was assigned in this court.

*J. Randall,* for the plaintiff in error.—According to the opinion of the court below, the judgment instead of being for the defendant should have been a qualified one for the plaintiff. This mistake was the effect of inadvertence. But the judgment ought to have been absolutely for the plaintiff. The promise of a debtor discharged under

(Earnest *v.* Parke.)

the insolvent laws, to pay the debt, creates a new contract which is binding upon him. That a promise to pay a debt contracted during infancy, or one which is barred by the act of limitations, or discharged by bankruptcy, is obligatory and may be enforced at law, cannot be disputed, and the principle upon which such promises are held to be operative are applicable with at least as much force to a promise to pay a debt by a debtor who has been discharged by the insolvent laws, where the debt still remains, and the debtor has only been exempted from the operation of one remedy, *viz.* the imprisonment of his person, which like every other legal exemption, he is competent to waive. The case of *Willing* v. *Peters,* 12 *Serg. & Rawle,* 177, in which it was held that a debt voluntarily released by the creditor is a good consideration for a subsequent promise to pay it, goes on the broad principle that wherever there exists a moral obligation to pay a debt it is a sufficient basis for a new promise. The reasons for not permitting a defendant to be held to bail on such an alleged promise, do not apply to the question now presented to the court. *Prima facie,* the discharge operates until it is set aside by a verdict. In *Turner* v. *Schomberg,* 2 *Str.* 1233, the defendant was discharged on common bail, on the ground that the arrest was on no new consideration, but the old debt. So in *Taylor* v. *Wasteneys,* 2 *Str.* 1218, where the defendant having been arrested, lay in jail till he was superseded, and afterwards having given a new note for the debt, upon which a fresh action was brought, he was held to bail. The court discharged him on common bail, as the note was but a further security, and did not extinguish the former cause of action. Where however the new promise creates a new contract and gives a new cause of action, the debtor may be held to bail. *Hat* v. *Bordier,* 2 *W. Bl.* 724. *Ford* v. *Chilton, Id.* 798. *Meason* v. *Hen, Id.* 1217. *Bailey* v. *Dillon,* 2 *Burr.* 736. *Freeman* v. *Fenton, Cowp.* 544. *Sharpe* v. *Iffgrave,* 3 *Bos. & Pul.* 394. *Wilson* v. *Kemp.* 3 *M. & S.* 595. *Huston* v. *Maggridge,* 6 *Taunt.* 563. 1 *Chitty's Pl.* 35. *Peterd. Bail,* 113. 2 *Saund. Pl.* 106. 588. *Shipley* v. *Henderson,* 17 *John.* 178. *Couch* v. *Ash,* 5 *Cowen,* 265. *Hubert* v. *Williams, Id.* 537. *Moore* v. *Viele,* 4 *Wend.* 420. In *Pennsylvania,* it is settled that the old debt is merely the consideration upon which the new promise raises a new and available contract, on which suit may be brought. *Lonsdale* v. *Brown,* 4 *Wash. C. C. R.* 148. *Kingston* v. *Wharton,* 2 *Serg. & Rawle,* 208. *Case of Field's Estate,* 2 *Rawle,* 351.

*E. Hurst* for the defendant in error.—Evidence of a mere naked promise by an insolvent to pay a debt due before his discharge, is not sufficient to show an intention to waive his privilege from arrest, which is a vested right, purchased by the assignment of his property for the benefit of his creditors. Nothing but a clear, absolute agreement, not made out by implication, but proved by direct evidence, can deprive him of this privilege. Insolvent laws are to be construed liberally in favour of the debtor. *Young* v. *Aimes,* 2 *Burr.* 901. An

insolvent debtor may promise to pay, in order to waive the bar of the act of limitations, or with an honest intention to perform his promise when in a situation to do so, without intending to waive his right to personal freedom, and it would operate very unjustly upon him, if in making such a promise he should be entrapped into a surrender of the only advantage he had derived from his discharge, which he never intended to give up.

It is against the policy of the law to give the effect contended for on the opposite side, to such a promise as that on which this suit is brought. It would put the debtor in the power of the creditor, and lead to promises to pay certain creditors to the exclusion of others, in consideration of their withdrawing their opposition to the debtor's discharge. Such promises have always been considered void. *Ingraham on Insolvency*, 104. *Baker* v. *Matlack, Ashmead's Reps.* 68.

The promise to pay creates no new debt, but has exclusive reference to the one previously existing, which still remains in full force as a debt, and has lost nothing but one of the remedies provided by law for its recovery. In this respect it differs from a debt discharged by bankruptcy, or a voluntary release, where the debt itself and all remedies for it are taken away either by act of law or the act of the parties. The moral obligation alone remains which has been deemed a sufficient consideration for a promise to pay the debt, which necessarily creates a new contract on which suit may be brought. In the case of a debtor discharged under our insolvent laws, the new promise is superfluous, for the original debt remains. The promise amounts to nothing more than an acknowledgment of an existing liability. If the debtor is arrested upon it he may be discharged by *habeas corpus. Ingraham on Insolvency*, 208. So if he confesses a general judgment, he may be relieved. He also cited *Landis* v. *Urie*, 10 *Serg. & Rawle*, 331. 5 *Cowen*, 195. *Elderton* v. *Freemantle, Lofft.* 36. Act of the twenty-sixth of *March*, 1814, sec. 12. *Purd. Dig.* 362.

The opinion of the court was delivered by

Rogers, J.—The defendant, *Parke*, was indebted to the plaintiff, *Earnest*, for goods sold and delivered. After the debt was contracted, *Parke* took the benefit of the law for the relief of insolvent debtors, but subsequent to his discharge, he made an absolute and unconditional promise to pay the debt. The plaintiff sued the defendant, and on the trial proved the promise, and the point is, whether the Court of Common Pleas were correct in ruling, that the promise to pay was without consideration and void, and for this reason entering a judgment for the defendant.

This is the first time the question has arisen in this shape. It has been presented heretofore on applications to discharge debtors from arrest, on common bail on mesne process; sometimes, though rarely, on final process, or in cases where suit had been brought on the old

(Earnest *v.* Parke.)

debt, and not on the new promise. All of these may be distinguishable from the present. The court has decided the broad principle, that the promise is without consideration, which may be a distinct question from the legal effect which may result from a new promise or contract, as regards the right of arrest, either on mesne or final process. We must, in the first instance, discard all considerations, arising from the fact, that this is a parol promise; for the law of this state unquestionably is, that the promise being admitted or proved, it has the same legal effect as if made in writing in the most solemn form. That the defendant made a promise to pay the debt, without qualification, is part of the case. No fraud or surprize is alleged; we therefore labour under no embarrassment in our inquiries on that account. I must also further remark, that if parties are liable to be entrapped by slight or hasty acknowledgments, it may be a reason for a legislative remedy to meet the case, but cannot be an argument entitled to much favour in a court of justice. In point of fact, this was neither a slight nor hasty acknowledgment of indebtedness, but a promise deliberately made, with no greater or less legal effect than would have resulted from a note of hand, or a bond with a warrant of attorney to confess a judgment. If this promise is void, for the same reason a note or bond, given by a discharged insolvent debtor to his creditor, would be void also.

On principle, we are unanimously of the opinion, this judgment cannot be supported; and for the following reasons. It has been repeatedly held, that a debt due in honour and conscience, is a good consideration for a promise to pay, and for this principle, which has a direct bearing on the case, I refer generally to the authorities cited at the bar. Indeed, this is not denied in bankruptcy, infancy, or in cases where debts are barred by the act of limitations; but a distinction is attempted in favour of an insolvent debtor, the reasons of which I shall examine hereafter. In *Willing* v. *Peters*, 12 *Serg. & Rawle*, 177, it is decided, that a promise by a debtor, after the execution of a voluntary release under seal by the creditor, at the debtor's request, to pay the balance of the debt, is founded on a sufficient consideration. The principle is fully recognized, that even where a debt is so far extinguished as not to be recoverable either in law or equity, but yet exists in morality and good conscience, it affords a sufficient consideration for an assumption. This is exemplified in the case of a bankrupt, for although the debt is discharged in law, yet, by the common sense and feeling of mankind, it exists, until it is actually paid. It is difficult to imagine a case stronger, in illustration of the general principle which has been assumed, than the case just cited. There, Mr. *Peters* gave a voluntary release of the debt, but notwithstanding the debt was extinguished by his own act, yet the previous indebtedness was held to be a valid consideration for the promise by *Willing* to pay. In the case at bar, *Parke* not only owes the money in honesty and good conscience, but in law also. The debt still remains, although his person by the discharge is exempted from

arrest; and in this respect, the discharge of an insolvent differs from a certificate in bankruptcy; and this gives rise to one of the arguments on which the defendant in error mainly relies.

It is contended, that as the debt of an insolvent debtor remains in full force, a mere naked promise to pay it, not founded on a new consideration, such as forbearance, cannot alter the situation of the parties as between themselves, so as to give the creditor a new remedy, when no new responsibility is created. I must say, I cannot feel the difficulty which seems to have struck the mind of the counsel with so much force. If it alters the situation of the parties in a case of bankruptcy, or where as in *Willing* v. *Peters,* the debt is distinguished by a voluntary release, some satisfactory reason should be given why it does not produce the same effect, in the case of insolvent debtors, where the debt remains, and one only of his remedies is gone. If it has that effect in the instance stated, (and that it has cannot be controverted,) much more so should it produce this result in the case at bar. The argument *a fortiori* is in my judgment, exceedingly strong. But the argument is founded in fallacy. It assumes a position which is by no means conceded. Before we yield to its force, we must be convinced that no new responsibility is created. And so far from this being the case, I am persuaded the promise by an insolvent debtor to pay a debt, does create a new responsibility. By entering into a new contract, which I shall show the Supreme Court, in *Field's Case,* have decided this to be, *Parke* consents to waive the benefit of the law, and subject his person to arrest. It cannot be denied, that a party may either expressly, or by implication, waive a provision in law intended for his benefit, as is shown in cases of infancy, or in the common cases arising under the act of limitations, and this is an answer to *Landis* v. *Urie et al.* 10 *Serg. & Rawle,* 323. It is true as is there decided, " that if a man promise to pay his bond without any new consideration, assumpsit cannot be brought for the money ;" and the reason is, because there is neither a new consideration, nor a new responsibility. The promise left the contract just where it found it, and therefore it would be idle to support an action of assumpsit, on a promise to pay; the remedy, and it is an effectual one, is on the bond itself. But when that is not the case, the opinion of Lord KENYON to the contrary notwithstanding, the law is otherwise. As where, under the act of the twenty-eighth of *May,* 1715, a bond has been informally assigned, a parol promise to the assignee to pay him the money secured by the bond, would support assumpsit, and the reason is, because the promise effects a change in the situation of the parties, by enabling the plaintiff to bring a suit in his own name, and alters the liability of the defendant. The decision of the court in *Field's Case,* 2 *Rawle's Reps.* 351, to which I have before referred, has a direct bearing on this question. It goes far to show, that by a subsequent promise a new contract, and of course a new responsibility, is created. Indeed all the modern cases on the act of limitations, which bear a strong

analogy in this respect to the present, go entirely on the ground of a new contract.   The idea, that by the promise the old debt is revived, has been exploded, and in effecting this change the courts of this state have taken a distinguished part.

*Field's Case* was a case of bankruptcy; but that I have endeavoured to show, if it makes any difference in principle, is rather against the argument of the defendant in error.   It was there held, that a debt discharged by a certificate of bankruptcy, is an available consideration for a new promise: That a promise to pay a specialty debt, which has been discharged by a certificate of bankruptcy, does not revive the original debt as a debt by specialty, but that the original debt is a consideration which renders the new promise available. The court were of the opinion, that the creditor had a right to come upon the fund on the new contract, as a simple contract creditor, but not on the footing of a debt due by specialty; and that by the promise to pay, a new debt was contracted.   Lord MANSFIELD says, in one of the cases cited, " that where a remedy is taken away, and not the debt, the debt is a debt in conscience, and may be the ground of a future promise or security."   The counsel for the defendant in error, seem to feel the force of this  position, the truth of which they admit in relation to a case in which *all* remedies are taken away, as in the case of infancy, a debt barred by the act of limitations, or by the bankruptcy and certificate of the defendant, but they deny it as regards a case where only *one* remedy is gone.   No reason has been given for the distinction at the bar, and it is not easy to understand why a promise should revive *several* remedies, and yet should not have the legal effect of reviving *one* remedy.   I can perceive no good reason for any anxiety to exempt insolvents from liability on account of their contracts.   If, as in *Field's Case,* it is a new contract, the defendant, by the new engagement into which he has voluntarily entered, has rendered himself liable to suit, and to all the remedies pursued in the collection of debts, among which, in the eye of the law, the right to arrest the person on final process, and its consequences, are not the least important.   This remedy may sometimes enable a creditor, by appealing to the oath of his debtor, to recover a just debt. It gives a right to the legal assignee to collect the assets of the insolvent, whether it be property in possession, or choses in action; and without this remedy, we are well aware an insolvent debtor may put his creditors at defiance, so far as regards property, which cannot be seized in execution.

I have remarked, that this question comes before the court in a new shape, for as Mr. *Ingraham* observes, in his *Treatise on Insolvency,* the cases which have occurred in this state have been decisions by single judges, the parties sued upon the new promise being in confinement upon magistrates' executions, and applying by *habeas corpus* to be discharged.   In forming our opinion, we have given the decisions cited, all the attention which they so justly deserve, without however arriving at the same result.   The Chief Justice has no note

of *Heppard* v. *Douglas, Ingr. on Insol.* 208, nor any recollection of the circumstances of the case. We have no certainty that the case has been accurately reported; on inquiry we find it is impossible to ascertain the facts, on which it so materially depends. No doubt the case of *Heppard* v. *Douglass* had great weight with the judges, who are said to have ruled the point in their chambers in the same way.

Several cases have been cited from the *New York* reports, but in that state the question does not appear to be settled. In *Scouton* v. *Eislord,* 7 *John. Rep.* 36, where it is first noticed, it is decided, that a debt due by an insolvent as well as a bankrupt, is a debt due in conscience, and is a sufficient consideration for a new promise to pay the debt. *Shippey* v. *Henderson,* 14 *John. Rep.* 178, as was supposed, contained the same principle. But it is said, *Couch* v. *Ash,* 5 *Cowen Rep.* 265, and *Hubert* v. *Williams,* 5 *Cowen Rep.* 537, establish a contrary doctrine; and there is reason for this assertion, unless the cases can be distinguished on the ground that the action was upon the original debt, and not upon the new promise, thereby indicating an election on the part of the plaintiff to consider the new promise as nothing more than a revival of the old debt, and not a new contract. And this idea would seem to have had some effect on Justice SUTHER-LAND, who delivered the opinion of the court. There was no new consideration, he says, for the subsequent acknowledgment, or promise to pay the debt. The action is not upon that, but upon the original promise. He afterwards says that the defendant was never discharged from the debt. The new promise, therefore, was nothing more than an acknowledgment of his existing liability, and would not be a foundation for a new action. If, however, as is contended, the court intended to say, that no action would lie on a new contract entered into by the insolvent, the consideration of which was the previous indebtedness, I must dissent from the principle, and must further say, that the cases cited, if not at war with *Shippey* v. *Henderson,* are in opposition to *Scouton* v. *Eislord,* which were not even cited by court or counsel.

The authorities cited at the bar, are for the most part cases which have arisen on applications to discharge the debtor from arrest, on common bail. They do not, I conceive, affect the general principle. *Bailey* v. *Dillon,* 2 *Burr.* 736, shows the reason the courts discharge an insolvent debtor from arrest on common bail. In *Bailey* v. *Dillon,* the general question was, whether a person indebted to another, and afterwards becoming bankrupt, and being regularly discharged by having conformed himself to the bankrupt acts, and having obtained his certificate, but afterwards making a new acknowledgment of the same debt being due, and also a new promise to pay it, shall, or shall not be liable to payment?

The plaintiff had arrested the defendant, and the application to the court was to discharge him on common bail. And in relation to this point, the court say, it is quite unnecessary to enter into the general or principal question, or enter at all into the merits of the case upon

(Earnest *v.* Parke.)

the present motion, since it would be very improper to determine such a point, in this method, upon a question about special or common bail. Therefore, they said, they would not meddle with the merits, nor give any opinion at all on the general question. But as to the particular question, which was the subject of the present motion, they were unanimous that he ought to be discharged on common bail.

These questions have generally arisen on a parol promise to pay the debt, and as the fact of the promise may admit of dispute, the court will not, in this stage of the proceeding, inquire whether the parties have entered into a new contract, and particularly when the suit is brought upon the old debt. And although the plaintiff makes a positive affidavit of the debt, yet this being in its nature *ex parte*, has not been considered such evidence of the fact of indebtedness, as to justify holding the defendant to special bail. The courts have felt it their duty to discharge on common bail, and leave the fact of a new promise to be ascertained by a jury. This is a decision in favour of liberty, and as far as it goes I have nothing to urge against its correctness.

The cases bearing on this question, in *England*, before and since 1776, have been cited by Mr. *Ingraham* in his *Treatise on Insolvency*, page 202, and are very much at variance with each other; so much so, that it is difficult to know what the law now is in that country. Since 1776, they are not authority in this state, nor have they much to recommend them from the intrinsic merits of the decisions themselves.

An argument has been drawn from the words of the act. Stress has been laid on the word " occasioned." After an examination of the act, 1 cannot bring myself to believe, that the word " occasioned" is of larger import than the words " accrued and due," with which they are associated in the act. If, as in *Field's Case*, by the new promise a new debt is created, there is nothing in the act, or in the reason of the thing, which can prevent the creditor from availing himself of it as a new contract, except that he cannot, in certain cases, hold him to special bail. And this exception, in my opinion, depends as much upon authority, as any reason that may be offered in support of it.

In *Shippey* v. *Henderson*, it is said, that where a debt has been barred by the defendant's discharge under the insolvent act, it is proper for the plaintiff to declare upon the original cause of action, without noticing the subsequent promise. And when this is done, the court will of course discharge the defendant from arrest, on common bail, and this is perhaps the reason that we have such contrariety of decisions on this point. It has been viewed merely as the revival of the old debt, as in the case of the act of limitations. Had it been considered in the light of a new contract, as it has uniformly been in *Pennsylvania*, difficulties would have been avoided. The defendant has the same power to make this as any other contract, and the contract being made, it would have created a valid debt, recoverable at

(Earnest v. Parke.)

law, by all the remedies common to other actions. In *Field's Case* it is intimated that suit should be brought on the new promise, as the new promise, and not the old debt, is the meritorious cause of action.

Judgment reversed.