[PHILADELPHIA, MAY 3D, 1839.]

## THOMAS *against* HODGSON.

### IN ERROR.

1. A declaration in case set forth that whereas M. T. (the defendant) on a certain day made his certain promissory note in favour of the plaintiff, &c., and the plaintiff averred that after the note became payable, to wit, on a certain day, the said M. T. was discharged under the insolvent law, &c., and after his discharge, to wit, on a certain day, the whole amount of the note being unpaid, " whereby and by reason of the premises, and in consi- " deration thereof," the said M. T. promised the plaintiff to pay him whatever deficiency ·there should be, if any, after the plaintiff should receive his dividends under a certain assignment made by the said M. T. The plaintiff then averred that he never at any time received any dividend under the said assignment, but that the whole sum remained due, &c. *Held,* that this declaration was sufficient after verdict.

2. The plaintiff offered in evidence a copy of an assignment made by the defendant on the 4th of January, 1834, for the benefit of creditors, and duly recorded, which copy was annexed to the. defendant's petition for the benefit of the insolvent laws. Evidence had previously been given that the assignee had refused to accept the trust, and the plaintiff's counsel had given notice to the defendant's counsel to produce on the trial " the assignment of the defendant of the 4th of January, 1834:" *Held,* that the pre- sumption was that under the circumstances the original assignment was in the posses. sion of the defendant or his counsel, and that the paper having been annexed by the defendant to his petition, must be taken to be a true copy, and having been recorded it must be taken to have been duly executed; but that the notice was insufficient to authorise the reading of the paper; not stating to whom the assignment was made, or what was the nature of it.

On a writ of error to the District Court for the City and County of Philadelphia, it appeared that William Hodgson brought an action on the case, to March term, 1836, of that Court, against Moses Thomas, in which the plaintiff declared as follows:

" Moses Thomas, late of the city and county aforesaid, was sum- moned to answer William Hodgson of a plea of trespass on the case, and thereupon the said William Hodgson, by A. H. Hamilton, his attorney, complains: For that whereas the said Moses Thomas, heretofore, to wit, on the sixth day of November, in the year of our Lord one thousand eight hundred and thirty-three, at the city and county aforesaid, made his certain note in writing, commonly called a promissory note, subscribed with his own proper hand, and bear- ing date the day and year aforesaid, and thereby promised to pay

(Thomas *v*. Hodgson.)

to the order of the said William Hodgson, sixty days after date, one hundred and four dollars and sixty-four .cents, without defalcation, for value received; by reason and by force of the statute in that case made and provided, the said Moses Thomas became liable to pay to the said William Hodgson the said sum of money in said note mentioned, according to the tenor and effect of said note: and the said William Hodgson in fact says, that after the making of the said note, and after the money therein mentioned became payable, to wit, on the twenty-ninth day of January, eighteen hundred and thirty-four, in the city and county aforesaid, the said Moses Thomas was discharged under the insolvent laws of Pennsylvania, by application to the Court of Common Pleas for the city and county of Philadelphia, for the benefit of the several acts of insolvency of said commonwealth: And said William Hodgson further says, that after the discharge of the said Moses under the said insolvent laws as aforesaid, and before the commencement of this suit, to wit, on the fifth day of March, eighteen hundred and thirty-four, in the city and county aforesaid, the whole of the said sum of money in the said note specified, to wit, the sum of one hundred and four dollars and sixty-four cents, being due and unpaid by the said Moses Thomas, upon and according to the tenor and effect of the said note, of which said premises the said Moses Thomas then and there had notice, whereby and by reason of which said several premises, and in consideration thereof the said Moses Thomas afterwards to wit, on the day and year last mentioned, at the county and city aforesaid, undertook and faithfully promised the said William Hodgson to pay him whatever deficiency there should arise, if any, after he the said William Hodgson should have received the dividends under the assignment of the said Moses Thomas, of the fourth of January eighteen hundred and thirty-four: And the said William Hodgson in fact says, that he never at any time received any dividend or dividends whatsoever under said assignment of the said Moses Thomas, but that the whole of the sum of money in the said note specified, to wit, the sum of one hundred and four dollars and sixty-four cents remains still due and unpaid by the said Moses Thomas, of which said premises the said Moses Thomas then and there had notice, whereby and by reason of which said several premises, and of the aforesaid promise of the said Moses Thomas, he the said Moses Thomas became liable to pay to the said William Hodgson, the said sum of one hundred and four dollars and sixty-four cents; and being so liable, he the said Moses Thomas, in consideration thereof, afterwards, to wit, on the day and year last aforesaid, at the city and county aforesaid, undertook and faithfully promised the said William Hodgson to pay him the said sum of money, when he the said Moses Thomas should be thereto afterwards requested. Nevertheless the said Moses not regarding his said several promises and undertakings, but contriving and fraudulently intending craftily to

(Thomas *v.* Hodgson.)

deceive and defraud the said William Hodgson in this behalf, hath not as yet paid the said sum of money, or any part thereof to the said William Hodgson, although often requested so to do, but the said Moses Thomas to pay him the same hath hitherto wholly neglected and refused, and still doth neglect and refuse to the damage of the said William Hodgson, of three hundred dollars, and therefore he brings suit."

To this declaration the defendant pleaded non assumpsit.

At the trial on the 12th of May, 1837, before Judge JONES, the plaintiff's counsel called Alexander M'Causland, a witness, who being duly sworn proved that the signature of " M. Thomas," to a promissory note in the following words, viz:

" Philad. 6th Nov. 1833.

" Dolls. 104 64.

" Sixty days after date I promise to pay to the order of William Hodgson, without defalcation, one hundred and four dollars and sixty-four cents, for value received.

M. THOMAS."

And also to a paper in the following words, viz:

" William Hodgson having signed my release on the first instant, I hereby agree to pay him whatever deficiency there shall arise, if any, after he shall have received the dividends under my assignment of 4th January last.

" M. THOMAS.

" Philadelphia, March 4th, 1834."

Were in the handwriting of Thomas, the defendant.

The plaintiff then offered in evidence " a copy of Moses Thomas's assignment to Alexander M'Causland, of the 4th of January, 1834," but withdrew the offer on the objection of the defendant's counsel, and again called the said Alexander M'Causland, and offered to ask him the following question, viz:

" Were you the assignee of Moses Thomas?"

Which question was objected to by the defendant's counsel, but the Court allowed it to be put, and the witness answered:

" I was assignee named in his assignment, but I never accepted it."

The plaintiff's counsel thereupon offered in evidence " a copy of the assignment made by Moses Thomas to Alexander M'Causland, dated 4th January, 1834, and annexed to the petition of said Thomas

(Thomas *v.* Hodgson.)

for the benefit of the insolvent laws, made to the Court of Common Pleas of Philadelphia county, on the 6th day of January, 1834," to the admission of which copy the defendant's counsel objected, and the plaintiff's counsel thereupon called Alexander Hamilton, a witness, who was sworn and testified as follows, viz:

"I served a notice upon Mr. Ingraham upon Tuesday last; this is the original."

Whereupon the plaintiff's counsel read to the Court the following notice, viz:

"William Hodgson v. Moses Thomas, District Court, March Term, 1836, No. 463.

"Dear Sir:

Please take notice that you are required to produce upon the trial of this cause, the assignment of the defendant of 4th January, 1834. Yours, &c.

A. H. HAMILTON, Attorney for plaintiff. To Edward D. Ingraham, Esq., Attorney for defendant."

Mr. Hamilton then continued his testimony. "This notice was served personally upon Mr. Ingraham. He made no objection."

The plaintiff's counsel then renewed the offer to read the said last mentioned copy of the said assignment, to the reading of which the counsel for the defendant objected; but the Court permitted the same to be read to the jury, which was thereupon done by the plaintiff's counsel, as follows:

"This indenture, made the fourth day of January, in the year of our Lord one thousand eight hundred and thirty-four, between Moses Thomas, of the city of Philadelphia, auctioneer, and Ann, his wife, of the one part, and Alexander M'Causland, of the same city, merchant, of the other part: Whereas the said Moses Thomas, owing to sundry losses and misfortunes, is unable to discharge his just debts, but is desirous to assign all his property for the benefit of his creditors: now this indenture witnesseth that the said Moses Thomas, and Ann his wife, in consideration of the premises, and of the sum of one dollar to them paid by the said Alexander M'Causland, the receipt whereof is hereby acknowledged, have and do hereby grant, bargain and sell, assign, transfer and set over unto the said Alexander M'Causland, all the estate, real and personal, property, goods and chattels, rights, credits and effects whatsoever, and wheresoever situate, belonging to the said Moses Thomas, or to which he is in any manner entitled; and all debts due to him, whether by simple contract or otherwise, and all securities for the payment of such debts or other money to him: To have and to hold, receive and take, all and singular, the premises nereby granted to

(Thomas *v.* Hodgson.)

the said Alexander M'Causland, his heirs, executors, administrators and assigns, to his and their proper use and behoof forever. In trust, nevertheless, and to the intent and purpose that he the said Alexander M'Causland shall and do, as soon as convenient, sell and dispose of all the real and personal property hereby assigned, and collect and get in all the outstanding debts and claims, and on the moneys arising thereupon, after deducting his reasonable costs, charges and expenses, shall and do pay and satisfy the creditors of the said Moses Thomas in the following order, viz.: First, all debts due for household and personal expenses, and for sales at auction not provided for in any previous assignment, and all debts due for borrowed money. Secondly, all promissory notes, acceptances, and other responsibilities for the accommodation of the said Moses Thomas, contained in a certain schedule hereunto annexed, (marked A.) and after paying and satisfying all other creditors of the said Moses Thomas without distinction or preference, equally and rateably, provided that no person shall be entitled to the benefit of this assignment who shall not, on or before the first day of March next, (A. D. 1834,) execute and deliver to the said Moses Thomas, a full and complete release of all claims and demands whatsoever; and the said Moses Thomas doth hereby make, constitute and appoint the said Alexander M'Causland his attorney in fact, irrevocable, in his name and stead, but for the purposes of this assignment to do, execute and perform, with respect to the estate, property and effects hereby assigned, all and whatsoever he the said Moses Thomas might or could do, if this assignment had not been made. In witness whereof the said parties have hereunto set their hands and seals, the day and year first above written."

This assignment was duly acknowledged and recorded.

Annexed to this assignment was a schedule of debts due by the assignor, containing among others, the following:

" William Hodgson, note given for sales, renewed, $104 64."

To the admission of which copy the defendant's counsel excepted.

The jury found for the plaintiff, and the defendant having removed the record, assigned the following errors:

" 1. That the Court permitted the plaintiff in the Court below to give in evidence, by reading the same from the defendant's petition for the benefit of the insolvent laws, a copy of the defendant Moses Thomas's assignment to Alexander M'Causland of the 4th of January, 1834, upon a notice to the counsel of said Thomas to produce the original assignment, without any allegation or evidence, that the said original assignment was in said Thomas's possession, power,

or under his control; or in the power, or under the control, or in the possession of his counsel, or any proof that it was a true copy, or that the original was ever executed, or if executed was lost.

2. Because the declaration set forth no cause of action whatever, to which the testimony and evidence given would apply or pertain; or any cause of action whatever; the allegation in it being that M. Thomas, being the drawer of a promissory note, payable to William Hodgson, or order, due 9th January, 1834, for $104 64, was discharged as an insolvent debtor on the 29th of January, 1834, and in "consideration of the premises" promised on the 5th day of March, 1834, to pay whatever deficiency there should arise, if any, after he, the said Hodgson should have received the dividends under the assignment of said Thomas of 4th of January, 1834, and alleging, that he had never received any dividend whatever, without alleging that none had ever arisen under the assignment to which he was entitled, or that no estate passed under the same, so that none could arise."

Mr. *Ingraham* for plaintiff in error.

1. The principle, ever since the case of *Campbell* v. *Wallace*, (3 *Yeates*, 271,) has been, that parol evidence of the contents of a paper cannot be given without proof of the loss or destruction of the paper, or that it is in the hands or possession of the adverse party. 5 *Binn.* 274-5. The proof of loss must be satisfactory. *M'Conahy* v. *The Centre T. Co.* (1 *Penns. Rep.* 426.) And no case can be shown where the proof has been given without first showing that the paper was in the possession of the adverse party, and notice; the possession by a third person, against whom a *subpœna duces tecum* has been refused, is not sufficient ground to authorise it. 2 *Serg. & Rawle*, 31. Now here was no evidence at all that the original was in the possession of Thomas: the notice was not addressed to him; nor any that it was in the possession of the counsel, to whom it was addressed. Supposing the notice given to be good, to produce this paper, which is not designated in the notice, it does not state to whom made, nor describe it with any certainty at all, much less reasonable certainty. It was read without any proof of its pre-existence, in the condition of a valid instrument; *Reynolds* v. *M'Gill*, (6 *Watts*, 288,) *M'Credy* v. *The S. Navigation Co.*, (3 *Wharton's Rep.* 424); or any proof that it was a copy. There is no hardship in such doctrine, applied to this case; for an exemplification duly certified by the recorder, would have been as good as the original.

2. There is no cause of action stated in the declaration; the counting is not on the note; the averment is, that Thomas owed Hodgson a note, due the 9th of January, 1834, was discharged as an insolvent debtor, the 29th of January, 1834; and promised in consideration thereof, i. e. because he owed and was insolvent, to make up

(Thomas *v.* Hodgson.)

any deficiency which might accrue between the amount of a fund provided by him to pay the debt, and the debt itself. The consideration for the promise, was the old note and discharge. This promise, the new contract, was to pay the difference between the amount of the old debt and the dividends ; the declaration then avers, not that no fund was provided, that he could not obtain it, or that he was prevented by Thomas from receiving it, or any allegation that the assigned estate was settled, and nothing was or would be coming, but " that he had never (at the time of action brought) received any," but that the old debts continued to be " still due and unpaid," and that Thomas, " by reason of the premises, and his said promise, became liable to pay that." The contract was to take under the assignment, and Thomas to pay the difference, which was an express undertaking to wait till the estate was wound up, to ascertain the difference, and to use due diligence to call the assignee to account ; for Thomas could not do it ; and then after that to call on Thomas for the dividend ; and there was no breach by Thomas till so called on, which is not alleged. The evidence offered is totally irrelevant to the case stated in the declaration, if any thing intelligible can be got out of that. *Earnest* v. *Parke,* (4 *Rawle,* 452.)    12 *Serg. & Rawle,* 182, 3.    2 *Rawle,* 356.

Mr. *Oakford,* contra, cited *Lawes on Pleadings,* 273.

The opinion of the Court was delivered by

ROGERS, J.—A promise to pay a debt by an insolvent debtor, which existed before his discharge, creates a new contract, upon which suit may be brought ; the previous indebtedness being a good consideration for the new promise. *Earnest* v. *Parke,* (4 *Rawle,* 452.) And this is the cause of action in the declaration, inartificially set out it is true, but still so explicit and certain, as to be good after verdict ; for a verdict aids a title, defectively set out, but not a defective title. (1 *Bur.* 301, 2 *Bur.* 1159.) The question whether the evidence supports the declaration, does not properly arise, as no objection of that kind was taken at the trial ; and if it had been, the plaintiff would have had leave to amend. We give no opinion as to any illegality, or supposed want of consideration for the new promise, as that may become a subject for investigation hereafter.

The plaintiff offered in evidence, a copy of an assignment made by Moses Thomas to Alexander M'Causland, dated the 4th January, 1834, and annexed to his petition for the benefit of the insolvent laws. Previous to this offer, he proved that Alexander M'Causland was the assignee named in the assignment, and that he never accepted it ; and further, that a notice was served on Mr. Ingraham, to which he made no objection, in the following words :

(Thomas v. Hodgson.)

"William Hodgson v. Moses Thomas, District Court, March term, 1836, No. 463.

"Dear Sir,

Please take notice, that you are required to produce upon the trial of this cause, the assignment of the defendant of the 4th January, 1834.

Yours, &c.

A. H. Hamilton, Att'y for plaintiff.

To Edward D. Ingraham, Esq. Att'y for defendant."

The presumption was, after proof that the assignee refused to accept the assignment, that the original assignment was in the possession, or under the power and control of either Thomas or his counsel. Nor is there any force in the other objections, that there was no proof, that it was a true copy, or that the original was ever executed, or if executed was lost. There is abundant proof of every particular which is required. It must be taken to be a true copy, as it is so stated by the defendant himself in his petition; and it is equally certain that the assignment was executed, as it was recorded in the recorder's office; and whether it was lost, or in the possession of Moses Thomas, was entirely immaterial. It appears that the assignment, though not accepted by the assignee, was after its execution, recorded; and a doubt has been stated, whether a copy, unless it be a certified copy, can be received, as not being the best evidence in the power of the party. But this point we decline to decide, as we are of opinion with the plaintiff in error on another ground. The notice refers to an assignment by the defendant of the 4th of January, 1834, but omits to state what is surely material, to whom the assignment was made, or what was the nature of it. Its identity is only shown by its date, and the allegation that it was an assignment made by Moses Thomas. It is absolutely necessary that the notice should describe the paper with reasonable certainty. *Rose & al.* v. *King & al.* (5 *Serg. & Rawle*, 241.) I lay no stress on the point that the notice was served on the attorney, although the original may have been in the possession of the principal; as if any difficulty was intended to be made, it should have been suggested at the time the notice was served. Some doubts were entertained whether the copy referred to in the petition, may not, as against the petitioner, be viewed in the light of an original paper. On reflection, however, we have come to the conclusion that it was but secondary evidence, and not receivable, without notice in due form to produce the original assignment. On the ground of the want of sufficient certainty in the notice, the judgment is reversed and a *venire de novo* awarded.

Judgment reversed, and a *venire de novo* awarded.