JOHN GRAHAM, RESPONDENT, *v.* M. P. O'HERN, APPELLANT.

*New promise after a discharge in bankruptcy — an action will lie upon the original debt — Trial by jury — what a waiver of the right to.*

When a debtor has promised to pay a debt from which he has been discharged by proceedings in bankruptcy, an action will lie upon the original debt, and need not be brought upon the new promise.

After a trial had been commenced before a jury and the plaintiff had rested his case, the questions of law were, at the suggestion of the court, submitted to it for decision, and the jury was thereupon discharged without objection. The court subsequently made and filed findings of fact and of law, and decided the case in favor of the plaintiff.

*Held,* that the defendant could not complain on appeal that he had been deprived of his right to a trial by jury.

That not having stated at the trial that he desired to introduce further testimony, that he could not complain on appeal that he had been deprived of the right to do so.

APPEAL from a judgment in favor of the plaintiff, entered upon findings of fact and of law, made and signed by the court.

*Daniel T. Kimball,* for the appellant.

*Caldwell & Vanderwater,* for the respondent.

DYKMAN, J. :

This action is against the drawer of a sight draft, accepted on presentation but not paid on maturity. The draft was dated March 19, 1866, and payable ten days after sight. On the 25th day of July, 1868, the defendant received a discharge, under the United States bankrupt law, from all debts owing by him on the 29th day of June, 1868. Subsequent to the discharge, and previous to the commencement of this action, the defendant promised the plaintiff to pay the draft. These facts were undisputed at the trial, and judgment went for the plaintiff, from which the defendant has brought this appeal.

The effect, in law, of a discharge in bankruptcy is to release the bankrupt from his legal obligations and bar the remedy of his credi-

tors; but it leaves the debt unpaid and the moral obligation for its payment undischarged, and thus there remains a sufficient consideration to support a subsequent promise to pay the debt, and such promise confers a right of action on the original demand.

So far as the remedy goes, the new promise is now considered as a waiver of the bar to an action created by the discharge in bankruptcy. The discharge furnishes the bankrupt with a defense which he may relinquish by an after promise to pay.

In the case of *Shippey* v. *Henderson* (14 Johns., 178) the defendant had promised to pay, after discharge under the insolvent laws of the State, and it was held that the declaration on the original cause of action was well enough in analogy to the case of infancy and cases where the action is barred by the statute of limitations, and that the promise revived the precedent consideration, the remedy only having been suspended.

It is true there has been some contrariety of judicial opinion on this question, and in the case of *Depuy* v. *Swart* (3 Wend., 139), Judge MARCY held that the new promise constituted the cause of action, with the original demand for its support as consideration.

In the case of *Wait* v. *Morris* (6 Wend., 394), the declaration was on a promissory note with a plea of discharge under the insolvent laws, and a replication of subsequent promise and ratification, and Chief Justice SAVAGE in the opinion of the court said it was settled that the mode of declaring was right, and cited *Shippey* v. *Henderson*. Finally in *Dusenbury* v. *Hoyt* (53 N. Y., 523), it was held by the Court of Appeals that the original debt may be considered the cause of action for the purpose of the remedy, and the creditor may bring his action thereon and prove the new promise upon the trial in avoidance of the discharge. It seems to result that the judgment was well given for the plaintiff so far as this question goes.

It is also objected by the defendant that he has been deprived of the right of jury trial, and to cross-examine the plaintiff and call the defendant to contradict him. We do not find this claim substantiated by the facts. The trial was commenced at the Circuit before a jury, and after the plaintiff had rested his case and the defendant's discharge had been read in evidence, the trial judge said: "Now you had best leave this matter to me, and give me a chance to look into my books. I'll be back here next week; if

you don't I shall direct a verdict for defendant." Then the case states: "The questions of law are submitted to the court for decision, which is reserved."

This was on the sixteenth day of April, and on the tenth day of May following, the judge made and signed findings which recited that the action was tried before the court without a jury. We think this was regular. The case presented only a question of law. All the facts were undisputed, and the suggestion of the judge that the matter should be left to him was assented to, and the questions of law were submitted to him. This clearly amounted to a consent that the cause be taken from the jury. The counsel for the defendant was present and witnessed the discharge of the jury from the further consideration of the cause, and made no objection thereto. Under the circumstances this was assent and a waiver of the jury.

In respect to further testimony, it is sufficient to say that none was offered or suggested, and there was no request for further cross-examination of the plaintiff. It must have been understood by court and counsel that the testimony was at an end. At all events if there was desire to introduce further testimony or to further cross-examine the plaintiff, it should have been manifested at the trial. No intimation of that kind having been then made the trial was properly closed.

The judgment must be affirmed, with costs.

GILBERT, J., concurred; BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.