## Reichl v. Reichl

*Scott, Connor & Scott,* for libellant.

*James L. Stern,* for respondent.

FLOOD, J., February 8, 1940.—In this case the divorce was sought on the grounds of desertion and adultery. The master found that respondent wife had not deserted libellant but that she had been guilty of adultery, that offense having been committed in the year 1937. He found that the defense of recrimination had not been established and, therefore, recommended divorce on the ground of adultery. Exceptions were filed by libellant, and the matter was sent back to the master for a supplemental report. In his supplemental report, the master found that libellant deserted respondent on August 7, 1934, and that respondent's adultery was committed on or about April 12, 1937. We thus have a situation in which libellant deserted respondent more than two years prior to the date of the

adultery upon which libellant relies for his decree. Is he entitled to a decree under such circumstances?

Both parties rely upon the case of Ristine v. Ristine, 4 Rawle 459 (1834). Here the situation was that libellant committed adultery after respondent had deserted him. The court recited the provision of the seventh section of the act, as it then existed, providing that, in an action brought on the ground of adultery, recrimination, condonation, or connivance should be good defenses. By applying the maxim expressio unius est exclusio alterius, it decided that these three defenses could not be raised in a suit for divorce based upon any other ground. Consequently, it was held that the adultery of libellant was not a defense in his action for divorce on the ground of desertion, in spite of the phrase that seemed to confine the right to divorce to "the innocent and injured person".

The court said in effect that adultery could be a defense in a desertion action only if the adultery could be considered "reasonable cause" for the desertion in view of the statutory requirement that the desertion be "without reasonable cause" to justify a decree. This indicates that the court confines the word "innocent" to meaning innocent in the transaction for which the divorce is sought. Subsequent cases in our courts seem to confirm this view: Fay v. Fay, 27 Pa. Superior Ct. 328 (1905) ; Larson v. Larson, 3 Luz. L. R. Rep. 215 (1884) ; Flick v. Flick, 24 Dist R. 227 (1914). It may be argued that this entirely deprives the word "innocent" in the statute of any meaning. The answer is that all the decisions, so far as we can find, hold to this view, and even if it is contrary to the ordinary canons of interpretation, as respondent may contend, we must follow the decisions of our appellate courts on the matter. It is to be noted that no substantial change was made in these provisions by the subsequent statutes, culminating in The Divorce Law of May 2, 1929, P. L. 1237. It is to be presumed, therefore, that the legislature has acquiesced in this interpretation.

For the history of this subject, and an illuminating discussion, see Freedman, The Law of Marriage and Divorce in Pennsylvania (1939), §§347, 393, 394.

The master's report and supplemental report are approved and his findings of fact and law are adopted as the findings of this court. A final rule for divorce a. v. m. will issue.