[PHILADELPHIA, FEBRUARY 21, 1834.]

RISTINE *against* RISTINE.

APPEAL.

Rawle
4 R 460
27 SC 336

Adultery committed by the husband after the wife has separated herself from him, is no bar to his obtaining a divorce, in consequence of the wife's wilful and malicious desertion, and absence from his habitation without reasonable cause, for the space of two years and upwards.

APPEAL from the decree of the Court of Common Pleas of *Philadelphia* County, dismissing, with costs, the libel of *John Ristine*, praying for a divorce from his wife *Elizabeth Ristine*.

The libel set forth that the parties were married on the nineteenth of *November*, 1819, and lived together until *November*, 1823, and that since that time the respondent had "wilfully and maliciously deserted, and absented herself from the habitation of the libellant without any just or reasonable cause, and such desertion had persisted in for the term of two years and upwards, and yet continued to absent herself from the said libellant," and prayed that he might be divorced from the bond of matrimony.

The answer to the libel stated, *First*, that the respondent did not maliciously desert and absent herself from the habitation of the libellant without reasonable cause, but that on the contrary the libellant had compelled her to do so by his cruel conduct.

*Secondly*, That the libellant since their separation had lived in habits of adultery with *Ann Sweeninger*, and had thereby forfeited his right to claim a decree in his favour.

The libellant took issue on the first branch of the answer and demurred to the second. The respondent joined in the demurrer, which the court overruled, and made a decree dismissing the libel and directing the libellant to pay all the costs.

*Campbell* for the appellant, referred to the act of the thirteenth of *March*, 1815; see 7 *Purd. Dig.* 213.

*Scott*, contra. cited *Paynter on Marriage and Divorce*, 222, 226. (note.) *Brisco* v. *Brisco*, 2 *Adam's Eccl. Rep.* 259. *Sullivan* v. *Sullivan*, *Id.* 299.

The opinion of the court was delivered by

KENNEDY J.—We think that the Court of Common Pleas erred in rendering a judgment upon the demurrer in favour of the defendant. The proceeding in this case is founded upon our act of assembly, passed the thirteenth of *March,* 1815, *Purd. Dig.* 212. (1831). The first section enacts, that " When a marriage hath been heretofore, or shall hereafter be contracted and celebrated between any two persons, and it shall be judged in the manner hereinafter mentioned, that either party at the time of the contract, was, and still is naturally impotent or incapable of procreation, or that he or she hath knowingly entered into a second marriage, in violation of the previous vow he or she made to the former wife or husband, whose marriage is still subsisting, or that either party shall have committed adultery, or wilful and malicious desertion, and absence from the habitation of the other, without reasonable cause, for and during the term and space of two years ; or when any husband shall have by cruel and barbarous treatment endangered his wife's life, or offered such indignities to her person as to render her condition intolerable, and life burdensome, and thereby force her to withdraw from his house and family ; in every such case, it shall, and may be lawful for the innocent and injured person to obtain a divorce from the bond of matrimony." By the seventh section it is further enacted, that " in any action or suit commenced in the said court for a divorce for the *cause of adultery,* if the *defendant* shall *allege* and *prove* that the *plaintiff* has been *guilty* of the *like crime,* or has admitted the defendant into conjugal society or embraces, after he or she knew of the criminal fact, or that the said plaintiff (if the husband) allowed of the wife's prostitutions, or received hire for them, or exposed his wife to lewd company, whereby she became ensnared to the crime aforesaid, it shall be a *good defence* and a *perpetual bar* against the same."

The ground set forth by the plaintiff in his libel for claiming to be divorced from the defendant in this case, is her *wilful* and *malicious desertion* and *absence from his habitation without a reasonable cause* for and during the term and space of two years and upwards. This is clearly made sufficient cause for a divorce, by the express terms of the act ; and if true, there is certainly no part of the act which declares that the adultery of the plaintiff committed by him *after* he had been so deserted by the defendant, shall be a bar to the plaintiff's obtaining a divorce. Had he, however, committed such offence *while* his wife was living with him, it might have been *very reasonable cause* for her leaving him ; but that is not alleged. There is nothing in the act which seems to favour the idea of making the adultery of the plaintiff, committed by him *after* he has been deserted by the defendant, a bar to obtaining a divorce, except that in the preamble thereto, the giving " relief to the *innocent and injured party*" is mentioned as a reason for passing the act : And again in the close of the first section which I have recited, it is declared, that " in every such case it shall and may be lawful for the *innocent* and *injured* person to obtain a divorce from the bond of matrimony." These clauses or ex-

(Ristine *v.* Ristine.)

pressions might have had great weight in sustaining the judgment of Common Pleas in this case, were it not for the declaration contained in the seventh section, which I have also recited, that seems to demonstrate the design and intention of the legislature in regard to this question, with a clearness that removes all doubt, as I conceive.

This section declares that adultery committed by the plaintiff, shall be a good defence, and a perpetual bar against his obtaining a divorce in any case where he sues for it, on account of *adultery committed by the defendant*. By the express terms of the act, the adultery of the plaintiff is made a bar to his or her obtaining a divorce, in case it be claimed for the cause of adultery, charged to have been committed by the defendant, and not for any of the other causes set forth and declared by the act to be sufficient to entitle the party to a divorce. The legislature by confining this defence to the single case of a divorce sued for on account of adultery, alleged to have been committed by the defendant, may fairly be considered as having intended to make it the only case in which such a defence should be available, unless as a good excuse or " reasonable cause" for the defendant's deserting and leaving the plaintiff. If they had intended to make it a good defence in the other cases as well as this, they would doubtless have so declared it. No good reason can be given why they should have designated this one case and not the others, if they intended to place the latter on the same footing with the other. The same motive which induced them to provide expressly for the one case, would have induced them to have extended the same provisions to the other cases, had they so intended it. The reason or propriety of making this distinction need not be inquired after. For although we may not be able to discover any, still that would not be sufficient to warrant a construction of the act, contrary to what we are irrestibly brought to believe was the intention of the legislature from the whole frame and structure of the act itself. The maxim *expressio unius est exclusio alterius et expressum facit cessare tacitum* is directly applicable, and sustains our construction of this act. The judgment of the Court of Common Pleas is reversed, and the parties are at liberty now to proceed to the trial of the issue taken on the facts alleged by the plaintiff in his libel, as the cause for his claiming a divorce.

Decree reversed.