## Betzko, Appellant *v.* Betzko.

*Divorce—Desertion—Separation—Refusal of divorce.*

An application for divorce on the ground of desertion is properly refused, where the record shows that the parties separated by mutual consent and that the respondent, who had gone abroad, had been prevented by various causes from rejoining her husband.

Argued October 25, 1922. Appeal, No. 262, Oct. T., 1922, by libellant, from decree of C. P. No. 3, Philadelphia County, June T., 1921, No. 3983, refusing to grant a divorce in the case of Wasil Betzko v. Teresa Betzko. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Libel in divorce. Before McMICHAEL, P. J.

The case was referred to G. Heide Norris, Esq., as Master, who recommended that the libel be dismissed. On exceptions to the master's report, the court dismissed

the exceptions and refused the divorce. Libellant appealed.

*Error assigned* was in dismissing exceptions.

*Walter N. Keating,* of *Knight, Henry & Keating,* for appellant.

*Franklin E. Barr,* for appellee.

OPINION BY PORTER, J., July 12, 1923:

The appellant seeks a divorce upon the ground of desertion, averring in his libel that the desertion occurred on the 28th day of May, 1912, and continued until the date of the filing of the libel, on June 30, 1921. The respondent filed an answer averring that in 1912 she had gone to Austria with the consent of the libellant, he purchasing the steamship ticket for her, and it being agreed between them that he would go and join her in Austria in a year's time; that she and her husband had corresponded during her stay in Austria and he had remitted money to her from time to time, until the war broke out and communication ceased to be possible; that after the war ended the correspondence was resumed; that while libellant had sent her money, it was never in a sum sufficient to pay for her transportation to this country, that the sister of libellant had finally sent her a steamship ticket and that respondent then came to this country and the libellant had declined to receive her, informing her that he was living with another woman by whom he had a child. The court appointed a master, who after hearing the testimony produced by the parties and consideration thereof, found that the evidence was insufficient to sustain the allegation that the respondent had been guilty of willful and malicious desertion, and recommended that a decree be refused. The court below overruled exceptions to the report of the master and dismissed the libel, from which decree the libellant appeals.

231, (1923).]        Opinion of the Court.

Divorces are not to be granted except for cause authorized by statute and clearly established by the evidence. The evidence established that these parties had not lived together since 1912. There was a conflict of evidence as to the circumstances under which they separated. We have carefully considered the evidence and are convinced that the testimony of the respondent relating to the allegations of fact in her answer, corroborated as it is by that of the sister of libellant, is true. When the respondent went to Austria there was an agreement between husband and wife that he should subsequently join her in that country. Separation is not desertion. Ever since early in 1915 the libellant had been openly living in adultery with another woman, and during that period the law would not have required his wife to return to him, even if he had requested her to do so, for his adultery was sufficient reason for continuance of the separation, which had been by agreement in its inception. This respondent, however, did not refuse to resume marital relations, but merely demanded that the libellant should separate from the other woman.

The decree is affirmed and the appeal dismissed at cost of the appellant.