Altoona *v.* Nycum, Appellant.

Argued October 26, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Samuel G. Wagner,* with him *Wagner & Wagner* and *Robert H. Braun, Jr.,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY KELLER, P. J., December 13, 1944:

There is no merit in this appeal. The case originated in the court below by the filing of a petition by the defendant for the allowance of an appeal from the judgments of an alderman of the City of Altoona, following summary conviction for violating three ordinances of said city: (1) Relating to the erecting of signs, (2) regulating electrical wiring, and (3) declaring bill boards to be a public nuisance.

The court granted a rule on the prosecutor to show cause why an appeal should not be allowed, returnable December 20, 1943.

The proceedings at the hearing on the return day were not officially taken down in shorthand; but appellant's counsel stated at the argument that the judge's secretary took stenographer's notes unofficially, and that the defendant had a stenographer present, who also took notes. No notes of testimony were transcribed and filed. If any question was to be raised on appeal as to the facts, appellant's counsel should have prepared a bill of exceptions, based on the testimony as taken by defendant's stenographer, and presented it to the court for approval. *Com. ex rel. v. Arnold,* 161 Pa. 320, 29 A. 270. This was not done. Hence we accept the facts as stated by the court.

In its opinion filed August 5, 1944, under the heading 'Supplemental decree', the court stated that "at the time of the hearing on the rule, during the preliminary discussion, before any testimony was heard, it was agreed that the rule be made absolute."

The witnesses who were heard thereafter, accordingly, were testifying on a hearing of the case by the court de novo on appeal.

The fact that no separate order making the rule absolute was entered in writing until the case was decided

by the court does not render the hearing irregular or ineffective as a trial de novo.

The docket shows that the rule to show cause was made absolute on January 21, 1944.

On January 28, 1944, the following judgment or 'decree' upon the merits was *filed* in court:

"Now, January 21, 1944, after hearing, the Court finds the petitioner guilty of violating the City Ordinance relative to erecting signs without a permit, and directs that the fine of $25.00 imposed thereon be reduced to $10.00. As to the charge for violating the ordinance relating to electrical wiring, and the ordinance relating to maintaining a nuisance the Court finds the Petitioner not guilty, and directs that the fines imposed thereon be remitted. And if the signs are removed within such time as the Mayor of the City of Altoona may direct then the fine imposed on account of violation of the ordinance prohibiting erection of signs without a permit shall also be remitted.

"In the event the signs are removed then the money deposited as security for the petitioner on the other cases is to be returned to the people who paid it in."

The defendant appealed.

The law requires that an appeal from a sentence or order of the court of quarter sessions must be taken within forty-five days from the entry of the sentence or order (Act of May 11, 1927, No. 464, P. L. 972). The record does not show when this appeal was *taken,* beyond that the writ of certiorari from this court was *returnable* the first Monday of March, 1944. It was not filed in the court below until March 17, 1944, eleven days after its return day. The appeal might have been quashed for failure to file it in the court below before the return day. But we prefer to base our action on the merits.

The defendant applied for and was allowed an appeal to the court below, and had a fair trial on the merits

resulting in a reduction of the sentence on one of the charges and a reversal on the other two. She has no just cause of complaint as to the court's action.

The appeal is dismissed at appellant's costs.