Commonwealth ex rel. Cartmell, Appellant,
*v.* Cartmell.

Submitted September 28, 1948. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Fine, JJ.

reargument refused February 23, 1949.

*George O'Dougherty* and *John J. Gilbride, Jr.,* for appellant.

No one appeared nor submitted a brief for appellee.

OPINION BY HIRT, J., January 14, 1949:

The parties were married in 1919; they separated in 1925 when relatrix left the common home. Although this action for support was not brought by her until August 20, 1946, she has accounted for the delay. At the time of the separation respondent was employed as a waiter and his wages were meagre. For the past twelve years he has had a one-half interest in a small hotel and taproom, which produces an income in an undetermined amount. Relatrix until recently, when her health failed, has been able and willing to support herself. The lower court did not accept her testimony of respondent's ill-treatment of her as justification for her leaving him. But it is clearly established by the testimony, and the court in effect so found, that since about fifteen months after the separation, respondent has been living in adultery with a woman in the former marital home of the parties, which they still own by entireties. Relatrix knew of this illicit relationship from about the time of its inception. The court refused support in this proceeding and dismissed relatrix's petition. The question, wholly of law, is: Where a wife separates herself from her husband without reasonable cause and without his consent, and within two years thereafter the husband is guilty of adultery, does the failure of the wife to seek a reconciliation, bar her from compelling him to support her? It is our considered judgment that the order must be reversed. Under the circumstances, it is clear that the respondent has neglected to maintain his wife "without reasonable cause". Act of June 24, 1939, P.L. 872, 18 PS § 4733.

When a wife deserts her husband he is under no legal obligation to seek a reconciliation, but he nevertheless "must leave the door open" for her return during the full period of two years. *Winner v. Winner*, 122 Pa.

Superior Ct. 382, 186 A. 245. And where the separation is consensual, or is invited or encouraged by the husband, he cannot charge his wife with wilful desertion. *Klaus v. Klaus*, 147 Pa. Superior Ct. 189, 24 A. 2d 33. We have held that a husband by his acts, indicating more than mere acquiescence, may reduce desertion by the wife, malicious at its inception, to a separation which is consensual in all of its legal aspects. *Bowden v. Bowden*, 161 Pa. Superior Ct. 150, 53 A. 2d 892. A husband, during two years after his wife has left him may not by his conduct prevent her return and still refuse to support her.

It is difficult to conceive of a course of misconduct more unequivocal, indicating not only consent to the separation but a willingness to perpetuate it, than that of a husband who within the statutory period of his wife's wilful desertion, enters into and persists in an adulterous relationship with another woman. By so doing he has closed the door, which he was bound to keep open, against her return. Under the circumstances of this case it would be absurd to say that the wife was bound to seek appeasement or to return to the marital home after respondent had established his paramour there. She could condone the adultery and offer to return but she was not obliged to do so. Cf. *Starr v. Starr*, 134 Pa. Superior Ct. 497, 3 A. 2d 939. Judge CUNNINGHAM in *Litch v. Litch,* 89 Pa. Superior Ct. 15, 29, under similar circumstances, aptly said: "If adulterous practices by libellant be deemed a reasonable cause for the withdrawal by respondent, and they are expressly so recognized in the opinion cited, [Ristine v. Ristine, 4 Rawle 459] *it is difficult to see why such practices should not constitute a reasonable cause for persisting in such withdrawal."* (Emphasis added.) It follows that the husband's misconduct in the present case has the legal effect of reducing his wife's willful desertion to a mere consensual separation and his failure to support her

is without reasonable cause. "As to the husband, the only 'reasonable cause' justifying his refusal to support his wife is conduct on her part which would be a valid ground for a decree in divorce": *Com. ex rel. Pinkenson v. Pinkenson*, 162 Pa. Superior Ct. 227, 57 A. 2d 720. Such proof is lacking in this case.

This conclusion is not in conflict with *Ristine v. Ristine*, supra, a frequently cited early Supreme Court case, to the effect that a libellant's adultery after the separation cannot be interposed as a defense in a divorce action where desertion is the charge. Under the Act of March 13, 1815, 6 Sm. L. 286, (as in §52 of the present Divorce Law of May 2, 1929, P. L. 1237, 23 PS §52) adultery by the libellant was made a good defense and perpetual bar in an action in divorce on the ground of adultery of the respondent. The opinion in the *Ristine* case applied the maxim *expressio unius est exclusio alterius* in construing the provision of the 1815 Act and held that the defense of adultery was excluded by implication and was not available where desertion was the charge. But by desertion of a husband by his wife it clearly appears that "absence from his habitation without a reasonable cause for and during the space of two years and upwards" was meant. And the holding of the *Ristine* case goes no further than that ". . . adultery . . . committed by him after he had been *so* deserted [i.e., desertion by the wife, persisted in for the full statutory period] . . . shall be a bar to . . . obtaining a divorce". (Emphasis added.) In *Bowden v. Bowden*, supra, p. 152, we questioned the propriety of extending the doctrine of the *Ristine* case beyond its express holding.

Our cases without exception are to the effect that a libellant's adultery, committed *after* his right to a divorce on the ground of indignities or desertion has accrued, is not cause for refusing a divorce, and that is the limit of the holding of the *Ristine* case. In *Mendenhall v.*

*Mendenhall,* 12 Pa. Superior Ct. 290, the adultery of the libellant occurred after the statutory period of respondent's desertion. So also, in *Fay v. Fay,* 27 Pa. Superior Ct. 328, libellant's right to a divorce on charges of indignities and cruel and barbarous treatment had fully accrued before his adultery. The libellant in each of these cases, on the authority of *Ristine v. Ristine* was held to be entitled to a divorce. The principle of that case is recognized as controlling where indignities are charged and the libellant's misconduct occurs subsequent to and does not provoke the indignities of which he complains. Compare, for example, *Clark v. Clark,* 160 Pa. Superior Ct. 562, 52 A. 2d 351, and *Bock v. Bock,* 162 Pa. Superior Ct. 506, 58 A. 2d 372. In *Litch v. Litch,* supra, a decree of divorce on the ground of desertion was reversed on a finding that the alleged desertion of the wife followed acts of adultery by the libellant which she did not condone and which justified her separation from her husband. In *Anthony v. Anthony,* 160 Pa. Superior Ct. 18, 49 A. 2d 877, we held that in determining whether a libellant is an injured and innocent spouse the court must evaluate the evidence "with relation to the defenses available to the respondent in connection with the particular grounds for divorce relied upon by the libellant" on the authority of the *Ristine* case. It seems clear that the corollary follows from all of these cases, as a necessary inference of law, that adultery committed by a husband *before* his right to a divorce for desertion has accrued, prevents him from advancing such desertion as reasonable cause for his failure to support his wife.

The order is reversed and the respondent is directed to make payments for the support of his wife in such amounts as the lower court after further hearing shall determine.