## Goshorn, Appellant, *v.* Goshorn.

Argued November 16, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Samuel Goldstein,* with him *Anthony C. Troiano, George J. Barco* and *Margiotti & Casey,* for appellant.

*H. Y. Crossland,* with him *Templeton Smith* and *Rose, Eichenauer, Stewart & Rose,* for appellee.

OPINION BY HIRT, J., January 14, 1949:

The parties had been married for about eight years when the libellant left his wife on May 23, 1947; this was only a few weeks after the birth of their second daughter. He then brought this action in divorce charging indignities to his person. The case was thoroughly tried by Judge SOFFEL of the court below who dismissed the libel for the reason that libellant had not sustained the burden upon him of proving that he was an injured and innocent spouse.

This husband and wife were members of an intimate group of young married people whose sole form of social expression, so far as the record discloses, was a devotion to the pursuit of sensuous pleasures regardless of the amenities, much less the obligations of their marriage relationships. These were the "war years" but the husbands were not in the service. Frequent parties were held at the homes of members of the group at which, as Judge SOFFEL observed with some restraint: "The chief interest seems to have been . . . cards, drinking, and indiscriminate petting." Relaxed inhibitions pervaded the whole group. It was within the recognized pattern of these social gatherings for a wife to join in sensual conduct with a man other than her husband. The evidence however, does not charge anybody with actual sexual lapses. Respondent was on familiar terms, particularly, with a Mr. Moore and they were attracted to each other at these gatherings. Their "petting" however was in the open and apparently did not offend against the prevailing general standard of conduct. They probably saw each other at other times also but this does not clearly appear. Conduct of the same kind, however, is charge-

able to the libellant. He was interested particularly in two women of the group, in succession. The difference is that for the most part, but not always, his acts were not public. His common practice was to leave the party with one of the women and return an hour or two later. These conclusions of fact are clearly supported by the credible evidence, particularly in the testimony of the members of the social group who appeared for libellant, and others who testified for respondent.

We are in agreement with the lower court that libellant and respondent are equally chargeable with responsibility for the failure of the marriage. The situation libellant found himself in was largely of his own making. He to some extent at least could have determined the pattern of their social life. He never objected, on principle, to attending the parties where his wife's misconduct occurred excepting on one occasion according to his own testimony. Apparently that type of relaxation was as acceptable to him as to her; at any rate, he joined in the "fun" as well as she.

Insofar as libellant exposed his wife to sensuality, or acquiesced in her conduct, he cannot complain. Cf. *Charlton v. Charlton,* 159 Pa. Superior Ct. 607, 49 A. 2d 526. In any view libellant is not entitled to a divorce because, as the court found, he is not an injured and innocent spouse. It is settled that ". . . where both parties are nearly equally at fault, so that neither can clearly be said to be 'the injured and innocent spouse', the law will grant a divorce to neither, but will leave them where they put themselves . . ."; *Daly v. Daly,* 137 Pa. Superior Ct. 403, 9 A. 2d 192; *Harding v. Harding,* 156 Pa. Superior Ct. 438, 443, 40 A. 2d 869.

Libellant has not met the burden upon him of making out a case in all respects by clear and satisfactory proofs.

Order affirmed.