Opinion by
 

 Pine, J.,
 

 This is an appeal from an order of court dismissing a libel in divorce charging indignities to the person. The principal complaint of the libellant was that her husband accused her, without basis, justification or provocation, of infidelity and thereby made her life so burdensome and intolerable that she was compelled to leave their common domicile, taking with her their nine months son. No appearance was entered for the respondent. The master, after hearing the libellant and her witnesses, recommended a divorce be granted.
 

 While the divorce proceedings were being heard the respondent filed in the same court his petition for a writ of habeas corpus, seeking custody of their child. Considerable testimony was adduced, much of it impeaching the morals of the wife and mother (libellant), both before and after the separation. When the report of the master was submitted to the court, the judge was constrained by the principle enunciated in
 
 Weymers v. Weymers,
 
 81 Pa. Superior Ct. 432, to remit the action to the master with instructions to incorporate the testi
 
 *284
 
 mony taken in tlie habeas corpus proceedings into the divorce record. Pursuant to the court’s direction, the master held another hearing, heard more testimony from libellant and her witnesses, but inattentively and erroneously failed to follow the court’s order to make the custody testimony a part of the divorce record. It is clear, however, the master read the habeas corpus testimony and the additional evidence offered at the re-hearing, but remained unswerved from his original position, and again recommended a divorce. The lower court, being-under the erroneous impression that its order had been complied with, thereupon considered the habeas corpus testimony as a part of the divorce action, reached a conclusion contrary to the master’s report, and dismissed the libel.
 

 Of course, neither the master nor the court had any legal right to consider the habeas corpus testimony in this divorce action until it had been properly made a part of the record. Unquestionably, it was considered by both master and court to be a part of the record in this divorce action; this may explain the error but it does not correct it. The action must be remitted. The libellant contends the remission should be restricted to a direction to the lower court to decree a divorce after the reinstatement of the libel. We are not in accord with this position, which seems to be predicated on the assumption that it would be a vain and meaningless gesture to incorporate the custody testimony into the present proceedings. In other words it is her contention that even if the habeas corpus testimony should be considered with other evidence in this action, still the libellant would be entitled to a divorce. On the contrary, we think there is ample testimony in the habeas corpus action, if believed, to defeat a divorce decree.
 

 At the outset the libellant may well be reminded that because her testimony stands uncontradicted, in the absence of the habeas corpus testimony, it need not be
 
 *285
 
 considered credible evidence. Triers of fact are not required to believe uncontradicted testimony, especially is this so in divorce cases.'
 

 If, however, the habeas corpus testimony becomes a part of the divorce record, the libellant’s testimony will no longer remain uncontradicted; indeed, there will be a sharp conflict in many essential respects. The libellant denounces her husband’s accusations of her infidelity as baseless and without provocation or justification and offers them as the basis of this action. But, the habeas corpus proceedings disclose she denied she loved her husband and admitted she loved one Joseph Gardner when questioned by her husband on the day preceding the separation. Three witnesses for respondent, described by the court below as “disinterested” and “reputable,” testified that for an extended period the libellant had been receiving male visitors at her home while her husband was at work. This evidence of her conduct while still living with her husband tends to refute libellant’s assertions that his charges were baseless and that she is an innocent and injured spouse. The determined manner pursued by the husband the day preceding the separation to have his wife confess her love affairs may indicate a lurking suspicion of some duration concerning his wife’s infidelity. If his testimony is credible how can it be successfully denied that many of the accusations were provoked by her conduct. In these circumstances she cannot be said to be an innocent or injured spouse; nor can she maintain her pose as a victim of unmerited accusations of misconduct. It may be, as contended by libellant that testimony concerning her conduct, of which the husband had no knowledge, could not establish provocation; but it could be received to impeach her credibility and to show she was not blameless and without fault. Cf.
 
 Goshorn v. Goshorn,
 
 163 Pa. Superior Ct. 621, 623, 63 A. 2d 135.
 

 
 *286
 
 The libellant claims her admission of love for Gardner was mere subterfuge to avoid further questioning by her husband. In these circumstances the husband’s testimony in the custody proceedings to the effect he saw libellant and Gardner shortly after the separation in loving embrace in her parents’ home, that they turned off the light for some time and then turned on the light again and later repeated these actions,—tends to corroborate the husband and impeach the credibility of the wife concerning her previous affairs with Gardner, and is relevant and admissible. That testimony also tends to show a motive for the divorce. The present action is not controlled by those cases where the immoral conduct or adultery of a spouse occurred after the consummation of the grounds for a divorce. Cf.
 
 Deutsch v. Deutsch,
 
 141 Pa. Superior Ct. 339, 14 A. 2d 586;
 
 Tatem v. Tatem,
 
 164 Pa. Superior Ct. 307, 312, 64 A. 2d 514;
 
 Gabriel v. Gabriel,
 
 3 Pa. D. & C. 607, 613.
 

 The determinative factor of most divorce actions is the credibility of the witnesses. We can best resolve that question in the instant case by incorporating the habeas corpus testimony into the record before us, as was properly suggested by the court below in the first instance. Cf.
 
 Weymers v. Weymers,
 
 supra.
 

 The decree is reversed and the record is remitted to the court below for further proceedings in accordance with this opinion.