Henning, Appellant, *v.* Henning.

534

Submitted November 16, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Louis Dadowski, Jr.* and *Rodgers and Dadowski,* for appellant, submitted a brief.

*James M. McIntyre,* for appellee, submitted a brief.

OPINION BY GUNTHER, J., January 17, 1952:

William J. Henning, appellant, instituted this action in divorce charging his wife with desertion commencing on July 17, 1931. Appellant later amended his complaint, with court approval, by averring that his wife deserted him on October 17, 1930. The court below dismissed his complaint on the ground that the desertion, if any, commenced on July 17, 1931, and not on October 17, 1930; that appellant within eighteen months after that date lived in an adulterous relationship thereby barring his right to divorce.

Appellant had instituted a prior divorce proceeding in 1931 in which he charged his wife with cruel and barbarous treatment and indignities to the person. His libel was later dismissed by EGAN, J., on the ground that the evidence was not clear and satisfactory nor sufficient to meet the burden of proof. It is significant and determinative of this appeal that the appellant in the prior proceeding in 1932 testified that the parties

separated on July 17, 1931; that on June 26, 1931, appellee threw a peach bowl at appellant; that appellee on March 27, 1931, broke appellant's watch, and on March 22, 1931, threw appellant's cuff links out in the street. All of these incidents occurred in 1931, at a time when appellant testified the parties were living together and after October 17, 1930, the date appellant presently alleges that the parties separated.

It is logical to suspect that appellant's memory concerning the alleged date of desertion and of events occurring in 1930 and 1931 was much fresher and more accurate in 1932 than it was in 1949. It is obvious that appellant's attempt to now move the desertion back to October, 1930, was made solely for the purpose of placing the commencement of his adulterous relationship beyond the two year period. The adultery of appellant committed within the two year period and persisted in until the present time bars his right to a divorce. *Stanziola v. Stanziola*, 361 Pa. 209, 64 A. 2d 807. Cf. *Tatem v. Tatem*, 164 Pa. Superior Ct. 307, 64 A. 2d 514; *Litch v. Litch*, 89 Pa. Superior Ct. 15; Freedman, Marriage & Divorce, §250, p. 643.

Decree affirmed.