## Johnson *v.* Johnson, Appellant.

Argued March 24, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

448

*Harry C. Liebman,* for appellant.

*Leonard B. Gordon,* for appellee.

OPINION BY MONTGOMERY, J., June 15, 1961:

This is an appeal from a decree granting a divorce a.v.m. on the grounds of desertion. The parties were married on February 5, 1956 in Nashville, Tennessee. At that time the plaintiff-husband was a dental student and the defendant-wife was a nurse. On the day of the marriage the parties went to a hotel in Nashville where they remained together for one night. The following day the defendant returned to her family home in Baltimore, Maryland, where she gave birth to a child on August 24, 1956. The plaintiff remained in dental school until his graduation in June, 1956, and starting in July, 1956, served as a dental interne in a hospital in Jersey City, New Jersey. Thereafter, he returned to Philadelphia, where he still resides and is employed by the City of Philadelphia in its Department of Health. Plaintiff admits that he visited defendant in Baltimore from time to time, as late as December of 1956, but he denies that he remained overnight or had marital relations with her after June of 1956.

The defendant testified that the plaintiff never asked her to live with him; that she was always willing

to live with the plaintiff in a home of his choosing and told him so several times; that the plaintiff continued to visit her at her home in Baltimore from December, 1956 until April, 1957 and continued to have marital relations with her; that she called the plaintiff on the telephone in July of 1957 to ascertain whether he would make a home for her and their child, and he refused; that she came to Philadelphia on October 18, 1957, registered at the Chesterfield Hotel and contacted plaintiff, who joined her there for interim periods over the weekend during which they had marital relations; that on that date she inquired of the plaintiff whether he intended to make a home for her and the baby but was advised by him that he could not do so; that she subsequently called him several times without success and finally sent him a telegram offering to live with him but received no response. The defendant was corroborated by her two sisters and mother as respects the visits made by the plaintiff to the defendant between December, 1956 and April of 1957.

The plaintiff, in his testimony, disagreed on almost all phases of the controversy. He testified that he repeatedly, on his visits to Baltimore and in telephone conversations, requested the defendant to join him, but the defendant at all times, refused to leave her home in Baltimore. The plaintiff maintained that he wanted to provide a home for his wife in Jersey City but she refused to join him. He claimed that living quarters were available through the hospital, and although his earnings were modest, $60.00 per month, he believed that they could manage.

The master to whom this case was referred, first filed a report in which he recommended that the complaint be dismissed without prejudice for the sole reason that the proofs did not support the finding of a wilful and malicious desertion, commencing on February 6, 1956, the date alleged in the complaint. How-

ever, he was inclined to disbelieve most of the testimony of the defendant and found her testimony and that of her witnesses credible in one respect only: "... that the plaintiff did, during the period of the alleged desertion, spend time with the defendant in her bedroom in Baltimore, Maryland on several visits there."

The lower court filed an opinion accompanied by an order permitting plaintiff to amend and refer the matter back to the master for further hearing and report. The amended complaint avers desertion on December 15, 1956. After a second hearing, the master found that the proofs supported the allegations and that the defendant deserted the plaintiff on December 15, 1956, which date he said was subsequent to the last time the parties had marital relations and after the last vain effort of the plaintiff to effect a reconciliation. After reviewing the record the court below was convinced of the master's appraisal of the credibility of the witnesses and of the accuracy of his findings and entered a decree in favor of the plaintiff, having dismissed the defendant's exceptions.

Pennsylvania statutory law provides that grounds for divorce from the bond of matrimony exist whenever it shall be judged that the other spouse shall have committed wilful and malicious desertion, and absence from the habitation of the injured and innocent spouse, without reasonable cause, for and during the term and space of two years. Act of May 2, 1929, P. L. 1237, §10, as amended, 23 P.S. 10.

In our determination of whether such desertion existed in the present case, we have reviewed completely the testimony and other evidence. The issues involved in this case are wholly factual and their solution is completely contingent upon what of the conflicting testimony is worthy of credence. The report of the master, who saw and heard the witnesses, is ordinarily entitled to the fullest consideration where credibility is

in issue, and the master's findings dependent thereon are not at variance with the record. *Sims v. Sims,* 188 Pa. Superior Ct. 439, 149 A. 2d 528; *Rankin v. Rankin,* 181 Pa. Superior Ct. 414, 124 A. 2d 639. However, there is a serious discrepancy between the original and supplemental reports of the master. In his original report he accepted the testimony of the defendant and her two sisters that the plaintiff's visits to Baltimore continued subsequent to December, 1956, that during these visits he stayed overnight in the bedroom of the defendant, and concluded that it was impossible to reject the defendant's assertion that the parties had marital relations during these visits. In his supplemental report in which he recommends that the divorce be granted after hearing substantially the same testimony from the same witnesses, he states that he does not believe the testimony of the defendant and her witnesses as to what occurred after December, 1956. He gives no explanation for his apparent change of attitude and the lower court, in its opinion, ignores the discrepancy.

The credibility of these witnesses is a vital point in the determination of this case. Where, as here, there is a contradiction manifest in the report of the master, we are precluded thereby from accepting his observations and recommendations. The master's findings are advisory only and are not controlling on the trial court or the Superior Court. *Rankin v. Rankin,* supra; *Wasson v. Wasson,* 176 Pa. Superior Ct. 534, 108 A. 2d 836. The trial court and the Superior Court have the duty to carefully consider the evidence to ascertain if it establishes a statutory ground for divorce. *Boyer v. Boyer,* 183 Pa. Superior Ct. 260, 130 A. 2d 265.

While a divorce action may be sustained upon the testimony of the plaintiff alone, if not denied by the defendant, or shaken by the defendant, when, after careful scrutiny of the testimony it is so shaken, a decree will be refused. *Dello Buono v. Dello Buono,* 193

Pa. Superior Ct. 118, 163 A. 2d 662. Here the uncorroborated testimony is not only denied but it is challenged and shaken by the testimony of the defendant and her witnesses, accepted initially by the master as credible. That testimony is clearly to the effect that the plaintiff continued to visit the defendant in Baltimore subsequent to December 15, 1956, the date of the alleged desertion. Desertion must not only be wilful and malicious, but also continuous and uninterrupted for two years to be effectual as a cause for divorce. Desertion will not lie as a ground for divorce if the continuation of the two year period is broken by the parties living together in family relation, however brief such interruption may be. *Trussell v. Trussell*, 116 Pa. Superior Ct. 592, 177 A. 215.

In the original report of the master, he concluded that the period of desertion actually began, uninterruptedly, from October 17 or 18, 1957. He reveals no reason for changing this date. After carefully reviewing the record, we conclude that the plaintiff failed to meet his burden to establish a clear and satisfactory case of desertion and that the court below erred in approving the supplemental report of the master and granting the divorce. The master's supplemental report is inconsistent with the original report and at variance with the evidence that he accepted as credible.

The decree of the court below is reversed and the complaint in divorce is dismissed.

WOODSIDE, J., dissents.