## Smith, Appellant, *v.* Smith.

Argued March 16, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Christian R. Gingrich,* for appellant.

*J. R. Whitman,* with him *Meyer, Brubaker & Whitman,* for appellee.

OPINION BY HOFFMAN, J., April 15, 1965:

The appellant-husband commenced an action in divorce and filed an amended complaint[1] on June 13, 1963. This complaint alleged (1) desertion by the wife from May 30, 1957 to the date of the filing of the amended complaint and (2) indignities during the

---

[1] The original complaint, which was filed on June 3, 1963, alleged desertion from April 1, 1960 and indignities from August 1, 1958.

same period. After a hearing on October 16, 1963, the master filed a report recommending a divorce on the ground of desertion alone. The court below refused to approve the master's report and dismissed the complaint. From this dismissal the husband has appealed.

Kenneth L. and Vera S. Smith were married on September 11, 1954 and lived in Lebanon, Pennsylvania. On or about May 30, 1957, after three years of constant quarreling, they separated. The wife, without notice, left the marital domicile while her husband was at work and moved to another address in the City of Lebanon.

During the period from May 1957 to June 1960 the parties, while separated, maintained a relationship which might well be the envy of more happily-married couples. They would speak by phone almost every evening and visit each other regularly. The wife laundered her husband's clothes, did his sewing, and brought milk to him each morning. They engaged in marital relations on a weekly basis. During this period they often discussed the possibility of re-establishing their home but were never able to reach a final agreement.

In July 1960 the wife secured a court order of support in the amount of $10.00 a week. The parties had no contact after this date.

The wife testified at the master's hearing that she refused to return to her husband after June 1960, because she knew that he had associated and been intimate with other women. The husband admitted that he began dating one Mae Hipp in January 1961 and had engaged in sexual relations with her from that time until August 1961. He further admitted that he had continued to see this woman to the date of the master's hearing. He denied having sexual relations with her after August 1961, however, and insisted that he had limited his activities to kissing and fondling alone. The reason assigned by the husband for so

curbing his activities was that he had been harmed by them in an earlier divorce action which he had brought against his wife. The husband said that in that case, ". . . when I admitted [the sexual intercourse] . . . I lost the divorce case through it." We agree with the court below that the husband's testimony was incredible and patently unreliable. We find as fact that he continued to engage in extra-marital relations until the time of the master's hearing.

With this background in mind, we turn to the husband's allegations.

The husband did not sustain the burden of proving indignities sufficient to warrant the granting of a divorce. An unhappy marital existence characterized by frequent quarreling and bickering, standing alone, does not warrant the granting of a divorce on the ground of indignities. *Boyles v. Boyles,* 179 Pa. Superior Ct. 184, 189, 116 A. 2d 248, 250 (1955). Moreover, since the husband was at least equally at fault in creating this dissension, he would not be entitled to a divorce even if such indignities had been proved. *Goshorn v. Goshorn,* 163 Pa. Superior Ct. 621, 623, 63 A. 2d 135, 136 (1949) ; *Benny v. Benny,* 167 Pa. Superior Ct. 227, 231, 74 A. 2d 782, 784 (1950).

A more difficult question is raised by the husband's allegation of desertion. A husband is entitled to a divorce if his wife: "Shall have committed wilful and malicious desertion, and absence from the habitation of the injured and innocent spouse, without a reasonable cause, for and during the term and space of two years; . . ." Act of May 2, 1929, P. L. 1237, §10, subd. 1(d), as amended, 23 P.S. §10, subd. 1(d).

To justify her withdrawal from the marital domicile the wife ". . . must prove by a preponderance of the evidence facts that would entitle her to a decree in divorce." *Boyles v. Boyles,* supra, p. 193. This she has failed to do. It is clear that the wife left her husband

without reasonable cause and without his consent. By this step she rendered herself vulnerable to a charge of desertion.

The fact that she subsequently obtained a support order does not determine that she is not guilty of desertion and will not prevent the husband from securing a divorce on such grounds. *Boyles v. Boyles,* supra, p. 195.

To constitute a cause for divorce, however, the desertion must be continuous and uninterrupted for two years. It is well established that: "Desertion will not lie as a ground for divorce if the continuation of the two year period is broken by the parties living together in family relation, however brief such interruption may be." *Johnson v. Johnson,* 195 Pa. Superior Ct. 447, 452, 171 A. 2d 638 (1961). See also *Trussell v. Trussell,* 116 Pa. Superior Ct. 592, 601-602, 177 A. 215, 219-220 (1935) ; *Troianowski v. Troianowski,* 155 Pa. Superior Ct. 110, 112, 38 A. 2d 367, 368 (1944). In this case it is clear that the desertion was interrupted during the period from May 1957 to June 1960. The parties, though living in separate abodes, had sexual relations every week and occasionally stayed together overnight. They visited each other's residence and otherwise exhibited a mutual concern and interest.

A period of desertion which was continuous and uninterrupted ran, therefore, only from June 1960 until June 1963. This period of time more than satisfied the two-year statutory requirement. The wife contends, however, that the adulterous conduct by the husband after her leaving, but before the passing of the two-year period, justified her refusal to return and is a bar to the husband's obtaining a divorce.

Although in an earlier case we have stated that adultery committed by a plaintiff within the two year period of a defendant's desertion is no bar to his right

to a divorce, *Litch v. Litch*,[2] 89 Pa. Superior Ct. 15, 28-29 (1926), our more recent opinions are clearly otherwise. *Henning v. Henning,* 170 Pa. Superior Ct. 533, 535, 85 A. 2d 616, 617 (1952). See *Commonwealth ex rel. Cartmell v. Cartmell,* 164 Pa. Superior Ct. 108, 111-112, 63 A. 2d 691, 693 (1949).

Adulterous practices committed by a husband while the parties are living together would constitute a "reasonable cause" for the wife to leave the marital domicile. In such circumstances she would not be guilty of desertion. *Ristine v. Ristine,* 4 Rawle 460, 462 (1834) ; *Copeland v. Copeland,* 155 Pa. Superior Ct. 102, 106-107, 38 A. 2d 364, 365-366 (1944). It is clear to us that practices which justify a wife's withdrawal similarly justify her refusal to resume cohabitation. The husband should not be permitted to pose as the injured and innocent spouse while committing adultery and effectively discouraging the possibility of reconciliation.

In *Stanziola v. Stanziola,* 361 Pa. 209, 64 A. 2d 807 (1949), the Supreme Court reviewed earlier Superior Court cases[3] and quoted with approval passages from them which indicated that a deserting wife need not return to a husband who has, subsequent to the separation, committed adultery. Mr. Justice STERN [later Mr. Chief Justice STERN] writing for the Court in *Stanziola* stated at p. 213:

---

[2] Even in *Litch v. Litch,* supra, we found fault with this approach, stating at p. 29, "If adulterous practices by libellant be deemed a reasonable cause for the withdrawal by respondent, and they are expressly so recognized . . . it is difficult to see why such practices should not constitute a reasonable cause for persisting in such withdrawal." The court in *Litch v. Litch* dismissed this action, nonetheless, by admitting the proof of plaintiff's adultery during the two year period as evidence of the lack of good faith in his offers to reconcile.

[3] *Betzko v. Betzko,* 81 Pa. Superior Ct. 231 (1923) ; *Evan v. Evan,* 87 Pa Superior Ct. 581 (1926) ; *Starr v. Starr,* 134 Pa. Superior Ct. 497, 3 A. 2d 939 (1939) ; *Copeland v. Copeland,* 155 Pa. Superior Ct. 102, 38 A. 2d 364 (1944).

". . . no one reading the present record can come to any conclusion other than that at all times libellant was seeking his wife's return and no doubt eager to have her back he was persisting in a life of adultery; under such circumstances no self-respecting wife could have been expected to accept his offers . . . Her refusals to return to him were justified not only by elementary principles of decency but by a wealth of legal authority :".

Mr. Justice STERN then concluded at p. 214:

"*Even if, therefore, libellant was sincere in his efforts to persuade respondent to come back to him she was not legally obliged to do so,* partly because she herself would have been entitled to a divorce on the ground of his past adultery, and partly because she was well justified in believing that he was not changing his course of conduct in that respect." [Emphasis supplied]

Thus the Supreme Court in *Stanziola* dismissed the divorce action in light of the husband's continuing adultery, even though it believed that he was sincere in seeking reconciliation. How much more so are we bound to dismiss the husband's action in this case, when he has failed to make such an offer.

The husband, however, relies on *Ristine v. Ristine,* 4 Rawle 460 (1834), for the proposition that adultery during the statutory two-year period does not bar a divorce action brought on the ground of desertion. We do not so interpret *Ristine.* We have held that the language in that case is limited only to adultery which occurs *after* the right to a divorce on the ground of desertion has accrued. *Commonwealth ex rel. Cartmell v. Cartmell,* supra. Judge HIRT explained in the *Cartmell* case at p. 111: "The opinion in the Ristine case applied the maxim *expressio unius est exclusio alterius* in construing the provision of the 1815 Act and held that the defense of adultery was excluded by implica-

tion and was not available where desertion was the charge. But by desertion of a husband by his wife it clearly appears that 'absence from his habitation without a reasonable cause for and during the space of two years and upwards' was meant. And the holding of the Ristine case goes no further than that '. . . adultery . . . committed by him after he had been *so* deserted [i.e., desertion by the wife, persisted in for the full statutory period] . . . shall be a bar to . . . obtaining a divorce'. (Emphasis added.)"

We conclude, therefore, that the wife was not justified in withdrawing from the marital domicile ab initio. However, after this separation but before the running of the two-year desertion period, the husband engaged in adulterous activities which demonstrated that he could be considered innocent and injured no longer. Most importantly, the wife was aware of her husband's conduct. Under such circumstances she was clearly justified in refusing to resume marital relations, and her continued separation was not "without reasonable cause." Accordingly, the court below correctly ordered the dismissal of the husband's complaint and amended complaint.

Order affirmed.