**Waxman v. Waxman**

*Paul E. Bomze,* for plaintiff.
*Jerome J. Shestack,* for defendant.

MONTEMURO, A. J., November 9, 1971.—This is an appeal from an order dismissing exceptions to a master's report and entering a final decree in divorce in favor of the husband-plaintiff.

Plaintiff, Abe Waxman, instituted this action of divorce on May 6, 1968, alleging willful and malicious desertion dating from March 29, 1966. Defendant, Ethel Waxman, filed an answer contending that she had reasonable cause for leaving. She also filed a counterclaim for divorce from bed and board on ground of indignities, cruel and barbarous treatment and maliciously turning her out of doors. The case was referred to a master and, after 17 hearings, the master filed a detailed report recommending that a final decree in divorce be entered in favor of plaintiff on the ground of desertion and that defendant's counterclaim be dismissed. Defendant filed exceptions to the findings of the master. Briefs were submitted by counsel and oral argument presented. The court has independently considered and reviewed the entire record consisting of approximately 1,200 pages.

The parties were married March 31, 1957. Plaintiff (husband) was 61 years of age and defendant (wife) was 52 years of age at the time. Both had prior marriages. Husband had been married twice previously, his first marriage having terminated by the death of his spouse and the second marriage by divorce. The wife was married once before and her

marriage terminated by divorce. There were no children born of this marriage, but husband had five children and wife had one son from their prior marriages.

Although the parties lived in luxury apartments from the time of marriage until the separation, and enjoyed the material advantages flowing from the husband's substantial income, the wife was dissatisfied and continually made many demands which resulted in bickering and arguments.

There was a conflict in the testimony as to the circumstances leading to the separation, but we agree with the master that the husband's testimony was fully credible.

He testified that, when he refused to take defendant on a winter vacation in 1966, she went to Palm Beach, Fla., on March 9, 1966, without plaintiff and was accompanied by her son's mother-in-law. While defendant was in Florida, plaintiff made a business trip to St. Croix in the Virgin Islands. After completing his business on March 26, 1966, plaintiff went to Miami with the intent of contacting defendant. Upon arriving in Miami, plaintiff attempted to contact defendant in Palm Beach, but was told she had checked out of the hotel. The next day, when plaintiff was unable to reach defendant by telephone at their apartment in Philadelphia, he telephoned defendant's son's mother-in-law and was informed that defendant had returned to Philadelphia on Saturday night, March 26, 1966. Plaintiff returned home on March 29, 1966, and immediately went to the parties' apartment. When he arrived, defendant and her son were supervising the moving of furniture from the apartment.

Plaintiff has the burden of proving that the desertion was willful and malicious. As used in the divorce law,

willful and malicious means an intent to desert. Guilty intent is manifested where, without cause or consent, either party withdraws from the residence of the other; if the desertion is intentional, it is willful; if willful, it is malicious: Partleton v. Partleton, 169 Pa. Superior Ct. 485, 488 (1951). After an independent review of the entire record, we find that the evidence establishes clearly and convincingly that defendant's leaving was intentional, willful and malicious and has continued for a period of two years. Moreover, plaintiff did not consent to defendant's leaving and defendant did not offer to return to live with plaintiff. Plaintiff was not obliged to ask defendant to return. Where there is a willful and malicious desertion, it is not incumbent upon the deserted spouse to seek reconciliation and the failing to do so does not amount to consent: Ganunis v. Ganunis, 201 Pa. Superior Ct. 222, 228 (1963); Colin v. Colin, 190 Pa. Superior Ct. 125, 131 (1959).

The next consideration is whether defendant had reasonable cause to leave. A wife who is sued for divorce on the ground of desertion because she left the matrimonial domicile has the burden of proving reasonable cause for her withdrawal. Reasonable cause is that which would entitle her to a divorce: Smith v. Smith, 205 Pa. Superior Ct. 402 (1965); Boyles v. Boyles, 179 Pa. Superior Ct. 184, 193 (1955). Defendant has sought to establish grounds for divorce based on indignities and cruel and barbarous treatment.

We accept the master's finding that much of defendant's testimony was exaggerated and distorted and was contradicted by other witnesses. It is very significant that her testimony was contradicted in important respects by the testimony of Mrs. Lucy

Halpern, who appeared as a witness for *defendant.* Defendant named a number of persons who allegedly witnessed the misconduct of the husband, but she failed to produce any of the persons so named.

Although the recommendations of the master are advisory only and not controlling, the conclusions of the master upon the questions of credibility are entitled to the fullest consideration, especially where, as in the instant case, his report presents a searching analysis of the testimony: Davidson v. Davidson, 191 Pa. Superior Ct. 305, 311.

Our independent study of the record convinces us that defendant has clearly failed to meet her burden of establishing a course of conduct which rendered her condition intolerable and her life burdensome. Single acts and isolated instances are not sufficient to establish indignities which would warrant the entry of a divorce decree.

We have taken into consideration that defendant obtained a support order against plaintiff after she, defendant, left the matrimonial domicile. The fact that defendant obtained such order is not a bar to plaintiff obtaining a divorce on the ground of desertion if plaintiff sustains his burden of proof: Smith v. Smith, 205 Pa. Superior Ct. 402, 406; White v. White, 185 Pa. Superior Ct. 141; Boyles v. Boyles, 179 Pa. Superior Ct. 184, 185; Freedman, Law of Marriage and Divorce in Pennsylvania (2d Ed.) pp. 622-23.

For the foregoing reasons, the exceptions were dismissed and a final decree in favor of the husband was entered.